SENECA BURR *vs.* HANNAH S. SWAN.

Worcester.    October 5. — 25, 1875.    WELLS & AMES, JJ., absent.

A married woman is liable upon a promissory note signed by her, the consideration of which is labor on land of which she is a tenant in common with her husband.

CONTRACT on a promissory note, signed by the defendant, a married woman. Trial in the Superior Court, before *Dewey*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions, the substance of which appears in the opinion.

*T. G. Kent*, for the defendant.

*G. F. Verry*, for the plaintiff.

MORTON, J.   The consideration of the note in suit was labor performed, on the credit of the defendant, Hannah S. Swan, in making improvement upon a tract of land of which she was the owner as tenant in common of an undivided share. If she had been the sole owner of the whole tract, as her separate property, there could be no question that the note would be binding upon her. *Stewart* v. *Jenkins*, 6 Allen, 300. *Pierce* v. *Kittredge*, 115 Mass. 374, and cases cited. If she had been the owner of part, as tenant in common with strangers, it is equally clear that the note would bind her. Her undivided share would be her sole and separate property, in reference to which she might enter into any contracts, with certain exceptions not here material, in

the same manner as if she were sole. Gen. Sts. *c.* 108, § 3. She could give a note for the price of her estate, or enter into contracts with any person except her husband in reference to it, in the same manner as could either of her co-tenants.

And we are of opinion that the fact, which exists in this case, that her husband is one of her co-tenants, does not curtail her capacity to make contracts in reference to her separate estate. She may have some embarrassment in dealing with her husband as co-tenant, similar to those which exist where the relation of husband and wife is that of mortgagor and mortgagee. *Tucker* v. *Fenno*, 110 Mass. 311. But her undivided share still remains her sole and separate property, and the fact that her husband also acquires an undivided share of the estate cannot defeat her rights or destroy her capacity to make contracts in reference to her separate property conferred by the statute.

The ruling of the Superior Court was therefore correct.

*Exceptions overruled.*