JOHN HOLMES v. ELLEN REYNOLDS AND HENRY REY-
NOLDS.

*Action against Husband and Wife sustained on Demurrer for
Debt of Wife contracted in another State.
Conflict of Law—R. L. s. 232.*

1. A count in general assumpsit against husband and wife jointly is held good on
   demurrer.
2. Also, a special count, alleging an indebtedness contracted by the wife during cov-
   ·erture, in another State, by whose laws she had the legal capacity to contract,
   to carry on business, and to bind herself in payment; that the debt was for
   goods delivered to the wife; and that in consideration thereof both defendants
   promised to pay.
3. A married woman carrying on business in her own name, by Statute R. L., 2321,
   may sue and be sued.
4. Where the wife may contract, the husband is not liable by virtue of his marital
   re'ation; but may be by his joint promise.
5. CONFLICT OF LAW. A law valid where made is valid everywhere; hence, the
   contract of a married woman, made in another State and valid there, is held
   valid here.

ASSUMPSIT with a general and a special count. Heard, on de-
murrer, March Term, 1881, Rutland County, VEAZEY, J., pre-
siding. Demurrer sustained.

SPECIAL COUNT.

" And now the said plaintiff by his attorneys comes and further
declares against the said defendants, in a plea of the case for that
the said defendants at Boston, aforesaid, were indebted to the
plaintiff in the sum of fourteen hundred dollars for so much money
before that time had and received by the said defendants to the
plaintiff's use, and also in the like sum for divers goods, wares
and merchandise of the plaintiff before that time delivered the
said Ellen to sell on commission at defendant Ellen's request; all
which indebtedness was contracted by the said Ellen, who was
then and still is the wife of the said Henry Reynolds in Boston,
in the commonwealth of Massachusetts, and where, under the
laws of that State, she had a legal capacity to contract said in-
debtedness and to carry on business, and to bind herself to the
payment thereof: and in consideration thereof the defendant then
and there promised the plaintiff to pay him the said sum on demand,

yet, although the said defendants became liable to pay said sum, and have been requested to do so, have not paid the same, but neglect and refuse so to do, all which is to the damage of the plaintiff fourteen hundred dollars."

*Prout & Walker*, for the plaintiff.

In 1880, after the contracting this debt, the legislature of this State passed an act authorizing married women to carry on business, which makes them liable for their debts as though unmarried. R. L., s. 2321.

This statute is remedial, and has a retroactive effect, as it does not touch then existing rights, but merely removes a disability under which married women labored at common law. *Stocking* v. *Hunt*, 3 Denio, 274 ; *Huett* v. *Wilcox*, 1 Met. 154 ; 1 Kent Com. 455 ; 23 Vt. 427 ; 7 Vt. 487.

What then is the legal effect of this state of affairs and as applicable to this action ?　We think the question is determined by *Milliken* v. *Pratt*, [Mass.] 7 Reporter, 590 ; *Hobart* v. *Johnson*, 12 Reporter, 104 ; *Adams* v. *Charter*, 10 Reporter, 260 ; *Wright* v. *Remington*, 8 Reporter, 369 ; *White et al.* v. *Waite*, 47 Vt. 502 ; *Spooner and Wife* v. *Reynolds*, 50 Vt. 437.

*J. C. Baker*, for the defendants.

The joint promise of a husband and wife upon a consideration arising during coverture, creates no joint indebtedness, and does not bind the wife to any liability.　1 Binn. 575 ; 49 N. H. 314 ; 44 Vt. 442.　If husband and wife are improperly sued jointly, action fails.　1 Chit. Pl. 66, 68, (16 Am. Ed.)　Declaration bad on demurrer.　*Toby* v. *Smith*, 15 Gray, 835.　A court of equity may charge the separate property of the wife with her debts contracted in her separate business.　44 Vt. 462 ; 31 Vt. 671 ; but not a court at law.　*Morse* v. *Tappan*, 3 Gray, 411.　Husband not liable for debt contracted solely on credit of wife.　*Carter* v. *Howard*, 39 Vt. 106 ; *Bugbee* v. *Blood*, 48 Vt. 497.　Promise by husband to pay such debt of wife void for want of consideration.　*Cole* v. *Shurtleff*, 41 Vt. 311 ; 107 Mass. 437.　The *lex fori* governs as to the remedy.　*Carter* v. *Page*, 8 Vt. 146 ; *Sco-*

*ville* v. *Canfield*, 14 Johns. 338 ; 12 Vt. 464 ; 22 Vt. 191.

The statute of 1880 gives no sanction to this action.    It empowers a court of law to render a judgment against a married woman, &c. ; but it does not charge the husband with the debts of her separate business ; nor, authorize a joint action.

The opinion of the court was delivered by

TAFT, J.    The questions in this case arise upon demurrer to the declaration.    The defendants are husband and wife.    The original declaration is in the common counts in assumpsit.    Under them a recovery can be had for a joint ante-nuptial debt; it is therefore good upon demurrer.

The new count alleges an indebtedness contracted by Ellen, at Boston, in the State of Massachusetts, for merchandise, and while she was the wife of the defendant Henry ; that under the laws of that State she had the legal capacity to contract said indebtedness, and to carry on business, and to bind herself to the payment of such indebtedness ; and that in consideration of such indebtedness the defendants promised to pay the same ; it alleges a joint promise to pay an indebtedness contracted at the time of the promise by one of the promissors.    The chief contention in this case is as to the liability of the defendant Ellen.    The facts alleged are admitted by the demurrer.    The count sets forth a contract valid where it was made ; and being valid there, it is by the general law of nations, held valid everywhere, by the tacit or implied consent of the parties.    Story on Con. of L., sec. 242, (1).    The validity and interpretation of contracts are governed by the laws of the country where they are made, *Wilcox* v. *Hunt*, 13 Pet. 378 ; but the remedy must be administered according to the *lex fori ;* pursued by the means which the law points out where the action is brought.    Story on Con. of L., chap. XIV.    Contracts are not, *proprio vigore,* of any efficacy beyond the territory of the State where made ; the effect given them elsewhere is from comity, not of strict right.    How far that comity ought to extend is left to the courts in the jurisdiction where the remedies are sought.    It does not prevail where the contract is in violation of the laws, in that jurisdiction, of God, or nature, against good

morals, religion, public rights, or public policy : but no such question, unless the one of public policy, arises in this case, as we presume the transaction was a legitimate one. The only question as it seemed to us which can arise is the one whether it is against public policy to enforce such a contract. By the strict rules of the common law there was an utter incapacity on the part of the wife to enter into any contract ; but the tendency of modern legislation is to remove such incapacity and empower her to make contracts the same as if sole ; and in this State, at the time this suit was brought, a married woman was vested by statute, No. 105, Acts of 1880, with the power of carrying on business in her own name, and bringing suits, (and was liable to be sued,) in connection therewith, the same as if unmarried ; in fact, of making the very contract which is sought to be enforced in this action ; and the law also provided the remedy to enforce such a contract. Our law therefore permitting such contracts, and enforcing them, there is no principle of public policy which should prevent maintaining the action. The contract alleged being a valid one, obligatory upon the defendants, and not falling within any of the exceptions relating to the remedy, should be enforced by the courts of this State. This same doctrine has been held by the courts of our sister States in *Milliken* v. *Pratt*, 125 Mass. 374, and *Wright* v. *Remington*, 41 N. J. L., 48.

Where the wife has the capacity to contract independently of her husband, he would not be liable by virtue of his marital relations upon contract entered into by her, but there is no reason why he cannot jointly contract with her in all cases where she has the capacity to contract, and as the new count alleges a promise by both defendants, based upon a valid consideration, viz., a sale of goods to the defendant Ellen, it is sufficient upon demurrer.

The judgment of the County Court is reversed, but at the request of the defendants the cause is remanded for them to answer over.