CHARLES A. REED *v.* F. L. NEWCOMB AND WIFE, SARAH F. NEWCOMB.

*Husband and Wife. Pleading. Demurrer. Act No. 140, Acts of 1884.*

Since the statute of 1884, No. 140, allowing a married woman to contract, sue, and be sued, general assumpsit can be maintained against a husband and wife upon their joint promise, whether made before or during coverture; and a declaration in the common courts will be sustained against them on general demurrer.

GENERAL ASSUMPSIT. Heard on general demurrer, September Term, 1886, POWERS, J., presiding. Judgment that the declaration is insufficient, and that the demurrer be sustained. The defendants were set up in the writ as husband and wife.

*T. R. Gordon*, for the plaintiff, cited *Holmes* v. *Reynolds*, 55 Vt. 39 ; R. L. s. 2321 ; Acts of 1884, No. 140.

*T. J. Deavitt*, for the defendants.

Our statutes have not varied the common law as to a married woman's capacity in making a contract, except in specific cases. *Ingram* v. *Nedd and Wife*, 44 Vt. 462 ; *Dale* v. *Robinson and Wife*, 51. Vt. 20. With nothing appearing in the record, the court will not presume it was for some cause in which the wife might be joined. 1 Chit. Pl. 74, 79, *n.* ; *Rawlins* v. *Rounds*, 27 Vt. 17 ; *Gay* v. *Rogers*, 18 Vt. 342 ; *Carleton* v. *Heywood*, 49 N. H. 314 ; 1 Binney, 575 ; 2 Binney, 475. The statutes of 1880 and 1884 do not authorize a joint action.

The opinion of the court was delivered by

WALKER, J. The question presented in this case arises upon the defendants' demurrer to the declaration which is in the common counts in assumpsit. The defendants are husband and wife. The declaration counts upon a joint indebtedness existing in August, 1885. No specifications are referred to, and it does not appear what the joint liability declared upon is. The declaration is good upon demurrer for any indebtedness recoverable under the common counts in assumpsit for which the defendants are in law jointly liable.

If the indebtedness sued for is their joint ante-nuptial debt a recovery may be had under the declaration. *Holmes* v. *Reynolds*, 55 Vt. 39.

So also may a recovery be had under the declaration upon their joint contract made during coverture with another person since January 1, 1885. The common law, by which a married woman was deemed incapable of binding herself by any contract whatever, is not now in force in this State as to her contracts made with a person other than her husband. Act No. 140 of the Laws of 1884 gives a married woman power to make contracts with any person other than her husband, and to bind herself and her separate estate in the same manner as

if she was unmarried; and she may sue and be sued as to all such contracts made by her either before or during coverture. This law removes the incapacity of a married woman to contract, and permits her to make contracts in the same manner and to the same extent as a *feme sole*, excepting with her husband, and enforces them.

The power thus given to her to contract with other persons than her husband is unrestricted, and she may, jointly with her husband or other person, make contracts in all cases where she has legal capacity under this act to contract. No reason of public policy now prevents, under this act, the maintaining an action against the husband and wife upon their joint promise, whether made before or during coverture. *Holmes* v. *Reynolds*, *supra*.

As a recovery may be had under the declaration upon the joint promise of the defendants it is good upon demurrer.

The judgment of the County Court is reversed, the demurrer overruled and declaration adjudged sufficient; and cause remanded to the County Court to be proceeded with.