# CHARLES A. REED *v.* SARAH F. NEWCOMB AND HUSBAND.

### *Married Woman.   Husband as wife's agent.*

1. A married woman is liable for debts contracted about a business which is in fact hers, although conducted in the name of another person as her agent.

2. If a husband carries on a business as his wife's agent, which he holds out to the world as her business with her knowledge, consent, and approval, she is liable in respect thereto.

Assumpsit.   Plea, the general issue.   Trial by jury at the September term, 1890, Washington county, Munson, J., presiding.   Verdict and judgment for the plaintiff.   The defendant, Sarah F. Newcomb, excepts.

The defendants were husband and wife.   The defendant husband made no defense.

The plaintiff sought to recover a balance due for certain cattle sold and delivered to the husband and by him slaughtered at Montpelier.   The cattle were charged on the plaintiff's book to " Frank H. Newcomb"; and the evidence of the plaintiff tended to show that the said Frank H. had previously carried on, and was when the cattle were sold carrying on the butchering business in his name as the agent of his wife.   The defendant wife claimed that she was not liable because the business was not carried on in her name.   Upon this point the court instructed the jury as follows :

" The defendant, Sarah F. Newcomb, insists that this suit cannot be maintained against her, even if the husband was merely her agent and the business in fact hers, because she was not carrying on the business in her own name.   But the court hold, for

4

the purpose of this trial, that if she was the actual owner of this business and was doing it through her husband as her agent, she was ' carrying on the business in her own name within the meaning of the statute'."

The other exception relied upon appears in the opinion.

*T. J. Deavitt*, for the defendant.

The statute only makes the wife liable when the business is carried on in her own name, and in order to charge her under the statute all its requirements must be met. *Smith* v. *Bank*, 45 Conn. 419; *Story* v. *Downey*, 62 Vt. 246; *Wright* v. *Burroughs*, 61 Vt. 390.

A married woman cannot authorize her husband to make a contract which will bind her. *Davis* v. *Burnham*, 27 Vt. 562; *Ingram* v. *Nedd*, 44 Vt. 462.

*Geo. W. Wing* and *T. R. Gordon*, for the plaintiff.

The statute manifestly intends that a married woman shall be liable in respect of a business carried on by her and for her benefit, whether conducted in person or by an agent; and in construing statutes like this, courts will execute their intent. *Ryegate* v. *Wardsboro*, 30 Vt. 746; *Henry* v. *Tilson*, 17 Vt. 479.

If a married woman permits her husband to act as her agent, she stands charged with his knowledge.

TAFT, J. delivered the opinion of the court.

The statute subjects a married woman to liability in connection with a business, which she carries on in her own name, the same as if she was unmarried. The female defendant insists that she is not liable in this action, because the business was carried on by her through an agent, apparently forgetting the maxim *qui facit per alium, facit per se.* We hold that if she carried on business through an agent, she was " carrying on the business in her own name within the meaning of the statute." The charge of the court to that effect was correct.

The defendant, Mrs. Newcomb, requested the court to charge the jury "that in order to make Mrs. Newcomb liable in this case the plaintiff must show by a preponderance of evidence that she knew that her husband was doing business in her name as her agent. If there was no arrangement between them and her husband did business in the manner detailed by the evidence and she had no knowledge of it, then he could not bind her and he alone would be liable in this action."

The court charged as follows: "If Mrs. Newcomb was in fact the proprietor of this business, and was carrying it on through the agency of her husband, she is liable for whatever sum you may find due the plaintiff on account of these cattle. But if Mr. Newcomb was not the agent of his wife, and Mrs. Newcomb had no interest in the business, she is entitled to a verdict, unless you find that she knowingly permitted her husband to represent to the world that it was her business. The husband could not assume to be Mrs. Newcomb's agent without her authority, or bind her without her knowledge or consent. But even if Mrs. Newcomb was not in fact the owner of the business, if the husband held it out to the world as Mrs. Newcomb's business, with her knowledge, consent, and approval, she is liable.

The burden is upon the plaintiff to establish the facts necessary to entitle him to recover, as above indicated, by a fair preponderance of evidence as heretofore explained to you."

The request called simply for knowledge on the part of Mrs. Newcomb that her husband was carrying on business in the manner detailed in the evidence. The court went farther than the request called for, and the jury were told that such carrying on of the business must be with her knowledge, consent, and approval. There was a full compliance with the request, and no error in the charge as given.

*Judgment affirmed.*