ELISHA LANE v. H. W. BISHOP & CO.

ORLEANS COUNTY, 1893.

Before : Ross, CH. J., ROWELL, START AND THOMPSON, JJ.

*Husband and wife.   Partnership.   Evidence.*

1.  Under No. 140, St. 1884, relating to the capacity of married women to transact business, a husband and wife may jointly contract and be jointly sued as partners.

2.  In such a suit, as against the exception of the wife, her own declarations, the declarations of her husband, and the understanding of third persons brought home to her, and the fact that she was conducting another business so intermingled with the one in question that they could not be separated, are admissible.

Book account against H. W. Bishop and Belle M. Bishop, his wife, as partners, under the firm style of H. W. Bishop & Co. Heard upon the report of an auditor at the February term, 1893, Ross, Ch. J., presiding. Judgment against both defendants, *pro forma*. Belle M. Bishop excepts. The opinion states the case.

*E. A. Cook* and *Smith & Sloan* for the defendant.

The husband and wife could not become partners. *Lord* v. *Parker*, 3 Allen 127 ; *Plummer* v. *Lord*, 5 Allen 460, 7 Allen 481 ; *Bowker* v. *Bradford*, 140 Mass. 521 ; *Haas* v. *Shaw*, 91 Ind. 384 (46 Am. Rep. 607) ; *Payne* v. *Thompson*, 44 Ohio St. 192 ; *Scarlett* v. *Snodgrass*, 92 Ind. 262 ; *Bassett* v. *Shepardson*, 52 Mich. 3 ; *Artman* v. *Ferguson*, 73 Mich. 146 ; *Gilkerson Glass Commission Co.* v. *Salinger*, 16 L. R. A. 526 ; *Seattle Board of Trade* v. *Hayden*, 16 L. R. A. 530.

*Crane & Alfred* and *Dickerman & Young* for the plaintiff.

A husband may be the agent of his wife. *Meader* v. *Page*, 39 Vt. 306 ; *Reed* v. *Newcomb and husband*, 64 Vt. 49.

A contract of partnership is simply a contract that one partner may act as the agent for the other. *Kimbro* v. *Bullitt*, 22 How. 256 ; *Graff* v. *Kenney*, 15 Abb. N. C. 397.

The general holding of other courts is that they may be made jointly liable as partners. *Suau* v. *Caffe*, 122 N. Y. 308 ; *Noel* v. *Kinney*, 106 N. Y. 74 ; *Toof* v. *Brewer et ux.*, 3 S. Rep. 571 ; *Schlapback* v. *Long*, 90 Ala. 525 ; *Dunifer* v. *Jecko*, 87 Mo. 282.

Whether or not they can be partners, they are liable on their joint contract. *Reiman* v. *Hamilton*, 111 Mass. 245 ; *Parker* v. *Kane and wife*, 4 Allen 346 ; *Basford* v. *Pearsons*, 7 Allen 506 ; *Burr* v. *Swan*, 118 Mass., 588 ; *Major* v. *Holmes*, 124 Mass. 108 ; *Goodman* v. *Hill and wife*, 125 Mass. 587 ; *Krouskop* v. *Shontz*, 51 Wis. 204 ; *Schofield* v. *Jones*, 85 Ga. 816 ; *Dunifer* v. *Jecko*, 87 Mo. 282 ; *Frecking* v. *Rolland*, 53 N. Y. 422 ; *Porter et al.* v. *Smith*, 20 Vt. 344 ; *Matthews* v. *Tower*, 39 Vt. 439.

The opinion of the court was delivered by

ROSS, Ch. J.   This is an action of book account.   The defendants, H. W. Bishop and Belle M. Bishop, are husband and wife, and are sued as partners trading under the name of H. W. Bishop & Co.   The account was contracted by H. W. Bishop & Co. in the years 1890 and 1891, in running a hotel at Newport.   The auditor has found that the defendants in fact were partners in conducting that business; that the defendant Belle M. held herself out, and allowed herself to be held out as a partner in the business; that she had separate property, and the plaintiff sold the goods to the firm relying upon her financial ability to pay for them; and that she personally promised, orally and in writing, to pay for the goods.   The only contention is whether, being a married woman and her husband being the other partner, she can be compelled to pay for the goods in this form of action.   Before the passage of the laws of 1884 and 1888, in reference to the property rights, capacity and liabilities of married women, it was held, in *Holmes* v. *Reynolds*, 55 Vt. 39, that where the wife had the capacity to contract she and her husband might bind themselves by a joint contract, Taft, J., saying: "Where the wife has the capacity to contract independently of her husband, he would not be liable by virtue of his marital relation upon contracts entered into by her, but there is no reason why he cannot jointly contract with her in all cases where she has the capacity to contract." Subsequently the law enlarged the capacity of the wife to contract.   R. L. 2,321, No. 140 of acts of 1884 and No. 84 of acts of 1888.   When the cause of this action arose the statute on this subject read: "A married woman may make contracts with any person other than her husband, and bind herself and her separate property in the same manner as if she was unmarried, and may sue and be sued as to all such contracts made by her, either before or after coverture,

without her husband being. joined in the action as plaintiff
or defendant, and execution may issue against her and be
levied on her sole and separate goods, chattels and estate.
But this section shall be subject to the limitation that nothing
herein contained shall authorize a married woman to become
surety for her husband's debts except by way of mortgage
duly executed, as now provided by law."

This provision of the statute has been before this court
and received construction in *Reed* v. *Newcomb*, 59 Vt. 630.
It is there said: "This law removes the incapacity of a
married woman to contract, and permits her to make con-
tracts in the same manner and to the same extent as a
*femme sole*, excepting with her husband, and enforces them.

"The power thus given to her to contract with other persons
than her husband is unrestricted, and she may jointly with
her husband, or other person, make contracts in all cases
where she has legal capacity under that act to contract. No
reason of public policy now prevents, under this act, the
maintaining an action against the husband and wife upon their
joint promise; whether made before or during coverture."
In the same case, *Reed* v. *Sarah F. Newcomb and husband*,
64 Vt. 49, it is held that the husband and wife may be jointly
liable and held on debts contracted by the husband in a busi-
ness carried on by him as her agent, which he holds out to
the world as her business, with her knowledge, consent and
approval. These decisions are of recent date, and establish
that, under the present law as well as heretofore, the hus-
band may be the agent of the wife and bind her in any
business transaction in which she could personally bind her-
self, and that he may become jointly bound with her in any
such transaction. It only remains to consider whether, in
such a joint transaction, carried on by them as partners, she
becomes bound to third parties negotiating with the partner-
ship. It is contended that, inasmuch as the statute does not
remove the wife's incapacity to contract with her husband,

therefore she cannot enter into legal partnership with him, inasmuch as the partnership implies a contract between the several partners both as to the right of each to represent and bind all in all partnership transactions, and also with respect to the several partners' interest, right and liability in the partnership, as between themselves. It may be conceded, and doubtless it is true, that a legal partnership necessarily involves contractual relations between the several partners. If the contention were with reference to enforcing such relations between the husband and wife, as partners, it is quite plain that the statute has not removed the incapacity of the wife to enter into them with her husband, and at law they could not be enforced. But the question presented is not the enforcement of the partnership contract between the husband and wife. This is not a suit to which the husband is one party and the wife the adverse party, to settle their respective rights in the partnership business which they carried on under the firm name of H. W. Bishop & Co. The wife was fully capacitated to use her property in running a hotel, and to contract with the plaintiff for supplies for that purpose. Her contract with the plaintiff for such supplies would bind her as though unmarried. Nor, as we have seen under the decisions mentioned, would her contract with the plaintiff for such purpose become invalid nor unenforceable, because her husband became jointly liable with her for its performance, nor because he acted as her agent in making the purchases of the plaintiff, as, to some extent, it is found that he did. When acting as her agent he represented her, and acted by virtue of the power conferred upon her by the statute in giving her capacity to act and bind herself. Neither does conducting business by a husband and wife as partners, in regard to third persons, involve her becoming surety for her husband, which, under the statute, can be accomplished only in the manner specified. With respect to such third persons as well as with respect to the partnership

business, each partner is principal. Each and all the partners are interested in the business. If one partner pays the whole of a partnership debt, or if he pays more of such debts than his just proportion, he is entitled to a credit therefor in closing the partnership business, but not because he has paid anything as surety for his copartners. He has only paid what he has legally bound himself to pay as principal. Hence, in holding that a married woman may, in conducting a partnership business with her husband, bind herself to third parties, and that the obligation may be enforced against her when sued with him as a partner, it is not necessary to enforce any part of the partnership contract between the partners, nor any contract or part of a contract which the statute has left her incapable of entering into. Any other holding would allow a married woman, by conducting a partnership business in which her husband was a secret or open partner, frequently to receive all the benefits to be derived therefrom and escape all the liabilities. If the suit was to settle the partnership business between the defendants and to adjust their rights and liabilities therein, other and different questions would arise which we have not considered.

But as to the plaintiff and his rights, the defendants, though husband and wife, and although sued as partners, are no more than joint debtors, nor will the enforcement of the judgment against them as partners be anything more or other than the enforcement of a joint judgment founded on the joint contract and liability of the defendants. Wherever this question has arisen in regard to the rights and liabilities of married women, the decisions, so far as they have come to our attention, have been in accord with the views we have expressed.

*Krouskop* v. *Sohntz*, 51 Wis. 204; *Schofield* v. *Jones*, 85 Ga. 816; *Parker* v. *Kane and wife*, 4 Allen 346; *Basford* v. *Pearson*, 7 Allen 506; *Burr* v. *Swan*, 118 Mass.

588; *Major* v. *Holmes*, 124 Mass. 108; *Goodnow* v. *Hill and wife*, 125 Mass. 587; *Reiman* v. *Hamilton*, 111 Mass. 245; *Noel* v. *Kinney*, 106 N. Y. 74 (60 Am. Rep. 423). The two cases last named are especially to the point.

Conceding that a married woman may bind herself to third parties in conducting a business as a partner with her husband, we do not think that any of the exceptions taken by the defendants to the admission of testimony before the auditor can be sustained. It was proper to admit her sayings to establish that she was the Co., or partner of her husband, included in H. W. Bishop & Co.; also to admit what her husband said on the subject which was carried to her knowledge; also how the plaintiff and other persons dealing with H. W. Bishop & Co. understood it to her knowledge, and what action they took to her knowledge, founded upon that understanding. She conceded that the livery business run in connection with the hotel was carried on in the name of herself and son, and that she was interested in that business. It was admissible to show that that business was so intermingled with the hotel business that they could not be separated, as tending to show that she was interested in the hotel business, which she denied.

*Judgment affirmed.*