JOSHUA SAWYER *vs.* JAMES LITTLE.

A lease for 800 years to a *feme covert* and her particular heirs, such, too, as were then in being, is an incumbrance on the estate.

When husband and wife join in a deed of conveyance of land, with covenants of seizin, &c., the wife is not liable to a suit upon such convenants, but the husband, it seems, may be sued as if it were his sole deed.

This was an action of *covenant*, which came up from the county court on the following case agreed to by the parties :

"In this cause, it is agreed by the parties, that, on the 16th day of April, 1824, *James Little,* the defendant, was the owner in fee simple of the land in question, and was in possession of said premises ; and, on the said 16th day of April, 1824, conveyed said premises to Thomas Waterman, of Johnson, by deed of quitclaim, or warranty and seizin ; that, on the said 16th day of April, 1824, the said Waterman leased to *Rosetta Little,* wife of *James Little,* her executors, administrators and assigns, the whole of said premises for and during the term of eight hundred years from the date of said lease, to be completed and ended ; and directing the premises, at the decease of *Rosetta Little,* to pass to the legal heirs of *James Little* by the said *Rosetta,* and to Diantha Safford, wife of Joseph W. Safford, and daughter of *James Little* (by another wife ;) to them equally, and to their heirs, executors, administrators and assigns, during said term ; they paying therefor to Waterman, his heirs and assigns, an annual rent of twelve and a half cents ; and that they also, to bear and pay the taxes, &c. during said term ; that, on the 17th day of January, 1825, and long after the above lease, Thomas Waterman reconveyed to *James Little,* by deed of quitclaim, the said premises ; that, on the 12th day of June, 1827, *James Little* and *Rosetta Little,* then in possession, conveyed the premises to the plaintiff, by deed of warranty, covenanting that they were at, and until, the ensealing of said deed, well seized of the premises in fee simple, and that they had good right and lawful authority to bargain and sell the same, in manner and form as mentioned in the deed ; and that they were free, and clear of all incumbrances ; that all the deeds of conveyance referred to were executed with the necessary formalities, and are agreed to be valid deeds, so far as respects their execution. It is agreed, that *Sawyer* had heard, at the time of the execution of the deed by *James Little* and *Rosetta Little* to him, that some kind of lease had been executed to the heirs of *James* and *Rosetta Little,* and Diantha Safford, but had never seen the lease ; and, at the time of the conveyance to *Sawyer,* said lease was not considered or believed to be valid. It is agreed that the original deed from *James* and *Rosetta Little* to *Sawyer,* with copies of all conveyances referred to in this case, are to be made a part of it. It is also agreed, that, at the date of the lease from Thomas Waterman, Diantha Safford was and still is capable of taking said estate ; also

ORLEANS,
March,
1832.

Sawyer
vs.
Little.

that there are and were, at the time of the conveyance to *Sawyer*, joint heirs of *James* and *Rosetta Little*, as contemplated by said lease, all capable of taking said estate, if such be the operation of said lease. Now, if, upon the whole case, the court should be of opinion, that there is a breach of covenant upon any of the covenants contained in the deed to the plaintiff, and that said estate was incumbered, when sold to *Sawyer*, judgement is to be entered for the plaintiff, and damages to be assessed by the court according to law."

On this statement of facts the county court rendered a judgement for the plaintiff, and the defendant appealed to this Court.

The case having been elaborately argued by counsel, the opinion of the Court was pronounced by,

HUTCHINSON, C. J.—When this cause first came up to this Court, it stood against the said *James Little*, and his wife, *Rosetta Little*, jointly. After argument, upon the same statement of facts now before us, we decided, that she was not liable upon those covenants, made during her coverture ; but no decision was made upon the part of the case then remaining, and now presented for our decision. The plaintiff moved to amend his declaration by erasing the name of said *Rosetta*, and letting it stand against said *James* alone, as it now is. This was granted, upon terms, I believe, which were complied with. In the present argument, the execution of this deed by said *Rosetta*, jointly with her husband, during her coverture, is treated as a nullity, so far as relates to her liability on these covenants ; or so far as relates to the liability of said *James* to be sued alone, without taking notice of the said *Rosetta*, as being a cosigner with said *James*.

Therefore, the only question now presented is, whether the lease from Waterman, under all the circumstances of the case, creates a defect of title in *James*, when he conveyed to the plaintiff ; or, whether it was then an incumbrance upon the land, so as to form a breach of these covenants in the defendant's deed to the plaintiff. It appears in the case, that Waterman, having received from this defendant an absolute title to the land in question, gave a lease of the same for eight hundred years to the said *Rosetta*, then the wife of the said *James*, her executors, administrators and assigns; they paying twelve and half cents yearly rent. Had the lease stopped here, it would have created, according to the authorities cited, a chattel interest in said *Rosetta*, which would have been under the control, and at the disposal, of her executors or administrators after her decease, or might have been disposed

ORLEANS,
*March,*
1832.

Sawyer
*vs.*
Little.

of by her during her life, and, of course, would not have formed an incumbrance upon the land, to operate against the conveyance made to the plaintiff by her and her husband. But the lease goes on, not in any form, found in the books, but in a sort of historical manner, and provides, or rather recites, that, at the decease of the said *Rosetta,* the said premises are to pass to the legal heirs of the said *James Little,* by the said *Rosetta,* and to Diantha Safford, wife of Joseph W. Safford, and daughter of the said *James Little,* by a former wife ; to them equally, and to their heirs, executors, administrators and assigns, during said term ; they paying therefor, to the said Waterman his heirs and assigns, an annual rent of twelve and a half cents : they were also to bear and pay the taxes &c., on said premises, during said term. The case also states, that said *Rosetta* was then, and now is, capable of taking and holding real estate, and that there then were, and still are, in being, such joint heirs of said *James* and *Rosetta,* as named in said lease.

There can be no doubt but that this arrangement with Waterman was intended as a family settlement of this farm. *James* deeds to Waterman, to enable him to convey to *Rosetta,* the wife of said *James,* and to certain heirs named. He conveys accordingly by the lease referred to. He then quits to said *James* all his, Waterman's, right to said premises. This operates to make said *James* landlord to receive the annual rent. He then was in possession, in right of his wife under the lease, and as landlord under his deed.

Now, in ascertaining what should be the true construction of this lease, we derive no benefit from the location of the various expressions ; because it follows no form known in law. All we can do is, to compare all its provisions together, and see how they best stand together, and hence discover what were those intentions of the parties, to which the law will give sanction. In this mode of investigation, we are led to the conclusion, that the expression, " the heirs of said *James* by said *Rosetta,* and the said Diantha Safford," should be treated as a term of purchase, they all being then and still in existence. The lease will then operate to give *Rosetta* a life lease, and, upon her decease, the said Diantha Safford, if living, otherwise, her heirs, and those children of said *James* and *Rosetta,* jointly, who would be their legal, joint heirs, if said *James* were also dead. This was, therefore, an outstanding title, which *James* and *Rosetta* could not convey to the plaintiff. They could convey all her right, that is her life estate,

ORLEANS,
March,
1832.

Sawyer
vs.
Little.

and no more. The use for the residue of the eight hundred years, after the decease of the said *Rosetta*, is a title against which the plaintiff cannot hold. This may be considered a breach, either of the covenant of seizin, or covenant against incumbrances. By a reference to the plaintiff's deed, a copy of which is furnished us, we perceive, that the covenant of seizin is not a naked covenant of seizin, but is also a covenant that the seizin is in fee simple, accompanied with a good right and lawful authority to bargain and sell said premises in the manner in said deed written. Now, upon the construction we have given the lease, they were not seized in fee simple, but for the life of said *Rosetta*, only; and they had no right to bargain and sell said premises, but only to sell a life estate in them. This outstanding title may, also, be considered as an incumbrance; because the plaintiff would be obliged to purchase it in, or he could never hold the premises under his deed, after the decease of the said *Rosetta*. Judgement must be entered for the plaintiff upon this agreed case; but we cannot assess the damages, as the parties have contemplated in their agreement. There can be no possible rule for assessing the damages, that will be sure to do justice to the parties. There ought to be an agreement, if possible, to rescind this last contract, and the plaintiff convey back his title on proper terms, receiving back what he has ever paid, and his costs and interest. The parties so little thought of the state of things into which they have got themselves, possibly a court of chancery would compel a rescinding of the contract, on some reasonable terms. The best justice may be done by the agreement of the parties. As the action now stands before us as a court of law, it must pass to the county court for the assessment of damages.

*Sawyer & Fletcher*, for plaintiff.

*Willard & Young, for defendant.*