MARTHA J. GOODENOUGH AND AUGUSTA J. FELLOWS *v.* PORTUS A. FELLOWS AND WILLARD K. LANGMAID.

[ IN CHANCERY. ]

*Homestead. Married Woman's Covenant. She is not bound by it in Joining in Deed with Husband. Estoppel.*

1. The principle of law, that whatever interest or title the grantor acquires in the granted premises, subsequently to the execution of the deed, he having conveyed with covenants of warranty of title, enures for the benefit of the grantee, does not apply to a married woman, joining in a deed with her husband.
2. Hence a married woman is not estopped from foreclosing a mortgage, acquired by inheritance, against one holding a subsequent mortgage, on the same premises, given by her husband, and she joining with him *
3. She is not liable in damages for the breach of her covenant.
4. Acts of 1865, No. 17, and Gen. Sts. c. 65, s. 2, as to the effect upon the rights of the wife, joining with her husband in a deed,—construed.

* That the doctrine of estoppel *in pais* has no application to a married woman, except her conduct is tortious or fraudulent, see *Mason* v. *Jordan*, Reporter, 822, June 15, 1881, a case decided by the Sup. Ct. of Rhode Island, citing *Lowell* v. *Daniels*, 2 Gray, 161; 9 Exch. 422 ; *Cannam* v. *Farmer*, 3 Ib. 698 ; *Keen* v. *Coleman*, 39 Penn. St. 299; 48 Ib. 497; and Bigelow on Estoppel, 443–446, who refers to *Bemis* v. *Call*, 10 Allen, 512; 117 Mass. 241; *Concord Bank* v. *Bellis*, 10 Cush. 276; *Drury* v. *Foster*, 2 Wall. 24; 50 Ill. 232; 38 Ib. 382.—REP.

5. Not considered, what might be held in equity, respecting an after-acquired title of the *separate* real estate of the wife, which she had once conveyed for a full consideration with a general covenant of warranty.

This case was heard at the December Term, 1878, Caledonia County, Ross, Chancellor, on the following report of the special master ; and it was ordered and decreed that the orators have a decree for the foreclosure of the mortgage against both defendants, for the entire amount found due on said mortgage notes by the master, and the costs of suit ; that defendant Fellows redeem by March 1, 1880, and defendant Langmaid by March 15, 1880 ; and in default of defendant Langmaid's redeeming, the orators may have execution against him for the costs above what they would have been, if there had been a foreclosure the first term by confession.

### REPORT.

From the evidence in the case I find the following facts : December 14, 1865, the defendant, Portus A. Fellows, executed a mortgage to Joel R. Sanborn, of the premises described in the petition, conditioned for the payment of the notes described in the petition. The notes were given for a part of the purchase money of said premises. Portus A. Fellows was then unmarried. In September, 1869, he married oratrix, Augusta J. Fellows. He has occupied the premises as a homestead, and had no other homestead since he purchased them. The first three notes described in the condition to the mortgage have been paid, and the interest on the other five has been paid up to December 1, 1867 ; and twenty-five dollars has been paid, and should be applied on the note falling due Dec. 1, 1870, as of March 11, 1876 ; but the same has not been endorsed. These five notes at some time, but the exact time did not appear, were sold and transferred by Joel R. Sanborn to Asa Goodenough, the father of Martha J. Goodenough and Augusta J. Fellows. Asa Goodenough deceased in 1874 ; and administration was taken on his estate. He left as heirs to his estate three children, and two grandchildren by a deceased child. His estate was distributed in October or November, 1875, the share of each child being $554.79, and of each grandchild $277.39. On the settlement of the administrator with the heirs, the two notes described in the condition of the mortgage, and falling due Dec. 1, 1869, and Dec. 1, 1873, became the property of Martha J. Goodenough. The amount due on these notes April 1, 1879, is $661.92. The three notes falling

due Dec. 1, 1870, 1871 and 1872, on the distribution of said estate, became the property of Augusta J. Fellows, excepting an interest therein, of $155.91, which became the property of Abi J. Goodenough, a granddaughter of Asa Goodenough. To arrange the interest of Abi J. Goodenough therein, and to enable the administrator to settle with Augusta J., and Abi J., Portus A. Fellows, defendant and mortgagor, gave his note to Abi J. Goodenough for $130.91, dated Nov. 8, 1875, and paid her $25, March 11, 1876, and it was agreed by and between Augusta J. Fellows and Portus A. Fellows on the one side, and the administrator on the other, who acted as the agent of Abi J. Goodenough, that the three notes secured by the mortgage, and falling due Dec. 1, 1870, 1871 and 1872, should be held by him as security for the payment of said Fellows' note of $130.91, which the administrator also held for Abi J. The three mortgage notes, last described, never went into the hands or possession of either the said Augusta J. Fellows, or Portus A. Fellows. The said administrator continued to hold all of said notes until some time afterwards, when the oratrix, Martha J. Goodenough, purchased said $130.91 note of Abi J. Goodenough, and received the same and the three mortgage notes last described, from the administrator, and has held them ever since. This was all done before the commencement of this suit. There is due on these three mortgage notes, deducting the $25 paid to Portus A. Fellows, March 11, 1876, not endorsed, $821.17, as of April 1, 1879. There is due on the $130.91 Fellows note, for which the three notes are held as security, as of April 1, 1879, $159.53. The proof in regard to the giving of the note of $130.91, and the pledging of the three mortgage notes for the payment of the same, was by parol; and was duly objected, and excepted to, as being within the Statute of Frauds, because relating to an interest in land, and as being an enlargement of the $130.91 note. The facts heretofore stated on that subject are found on such proof alone.

December 14, 1868, said Portus A. Fellows, before his marriage with Augusta J., conveyed two pieces of land, covered by said mortgage, to wit, about seven acres lying the south side of the road, and about ten acres called the Morse lot, lying away from the rest, to defendant Willard K. Langmaid by a warranty deed containing the usual covenants, except, that following the covenant against incumbrances, there are inserted these words; " except a mortgage to Joel R. Sanborn which I am to pay." Langmaid paid said Fellows for these two pieces either $275, or $325 ;—(the parties did not agree as to the price in their testimony,) and with the money so paid, said Fellows took up the

two notes described in the condition of said mortgage, and falling due Dec. 1, 1867 and 1868, in whole or in part. From the proof, I am inclined to think, the price was $325, and the two mortgage notes were taken up with this money. Said Langmaid claims he let said Fellows have $75 which was used in paying the first note described in said mortgage ; but while I find he lent him $75, before he purchased said land, I do not find that said Fellows used it in taking up or making payment on said mortgage notes.

April 20, 1870, said Langmaid sold back to said Fellows the seven acres below the road, and another piece of land, and duly conveyed the same to him. The price of these two pieces of land was about $600. On the same day, the said Fellows mortgaged back the same land, so conveyed to him as last aforesaid ; and also the land covered by the mortgage sought to be foreclosed in this suit, excepting the Morse lot which he had before conveyed to said Langmaid. This last mortgage was given to secure the payment of $600, expressed in said Portus A. Fellows' notes of that date, of $100 each, and payable in 1, 2, 3, 4, 5 and 6 years from date with interest annually. These notes are unpaid. Whether any payments had ever been made on them did not appear. They are still owned by said Langmaid. Said Augusta J. Fellows joined with her husband Portus A. Fellows, in the execution of this last named mortgage. She also joined in the covenants of said deed, which are as follows : " And further, we the said Portus A. and Augusta J. Fellows, for ourselves and our heirs and assigns and administrators, covenant with the said Willard K. Langmaid, and his heirs that until the ensealing of these presents, we are the sole owners of the premises, and have good right and title to convey the same in manner aforesaid ; that they are free from every incumbrance except a mortgage to Joel R. Sanborn, and we hereby engage to warrant and defend them against all lawful claims whatever except as above named." It did not appear that said Augusta J. Fellows had any other interest in the premises than the homestead interest as his wife. Said Fellows makes no defence to the foreclosure in this suit. The said Langmaid does not object to a decree, in favor of Martha J. Goodenough, for two notes owned by her ; but objects to any decree against him on the other three notes, claiming that Augusta J. Fellows cannot avail herself of them against him, by reason of having joined with her husband, in the execution and in the covenants of the mortgage to him ; and that said oratrix, Martha J., so far as relates to holding them as security for the payment of the $130.91 note, stands in the rights of Augusta J., inasmuch as she took them when overdue, as did also Abi J. Goodenough. It

is submitted to the Court of Chancery, to say whether he can make this defense available.

All which is respectfully submitted.

JONATHAN ROSS, *Special Master*.

### DEFENDANT'S ANSWER TO THE PETITION OF FORECLOSURE.

And now comes said Willard K. Langmaid in answering the said petition, and says he admits the execution of the said mortgage by the said Portus A. Fellows to said Joel R. Sanborn, and admits that the notes described in said petition, are now the property of the said Martha J. Goodenough and Augusta A. Fellows, as this defendant is informed ; and states, that said Joel R. Sanborn, in his lifetime, to wit, on       day       A. D. 18 transferred said mortgage to Asa Goodenough, father of said Martha J. Goodenough and Augusta A. Fellows ; and that on said Asa Goodenough's decease, said notes were assigned to said Martha J. Goodenough and Augusta A. Fellows, as heirs-at-law of said Asa Goodenough ; and that said Augusta A. is the wife of Portus A. Fellows, defendant in said petition ; and states that on the 20th day of April, A. D. 1870, and when said Augusta A. was the wife of said Portus A. Fellows, defendant, the said Portus A. Fellows and his wife, Augusta A., joined in a mortgage to this defendant Willard K. Langmaid, for the security of certain notes executed by the said Portus A. to the said Langmaid, defendant, to wit, six notes for one hundred dollars each, payable annually, on annual interest, which notes are now due. And this defendant believes that the money so secured by said last mortgage was applied to the payment of certain of the notes described in the mortgage to Joel R. Sanborn ; to what extent he is uncertain. And this defendant admits that the said Martha J. Goodenough may have a decree for the amount of the two notes she sets up as belonging to her in her said petition ; but denies the right of the said Augusta A. Fellows to hold said notes so set up in her petition as secured on said farm, until she redeems her, and her husband's interest in their homestead in said farm, and admits she, said Augusta A., may have a decree for any balance on said notes she so holds, if any there is, after paying to this defendant, Willard K. Langmaid, what is due on his said mortgage, or at least the amount of the interest in said homestead, to wit, five hundred dollars.

And this defendant denies that the said Martha J. Goodenough holds any equitable interest in said notes so held by said Augusta, if same were turned out to said Martha, as averred in her petition, and he, defendant, claims if same were so turned out, this

defendant had a prior equitable claim to hold same for the purpose, heretofore set up in this answer; and this defendant prays for every and all relief he is entitled to in equity in the premises, to be granted by your honorable court.

*Belden & Ide*, for the orators.

The case will be first considered independent of any statute upon the subject. It will not be claimed by the orators that a party competent to contract a binding obligation may not by his covenants in a deed, estop himself, both at law and in equity, from setting up, or obtaining the benefit of, an after-acquired title as against his grantee and covenantee. But it is a very different question whether a married woman, who is incapable of making a covenant that shall bind her as a covenant, can thus estop herself. She is utterly unable to make a contract or covenant that shall bind her personally. The very ground work and basis of the estoppel is wanting. There are no covenants for the after-acquired title to feed or support. The law does not say that, although a *feme covert* cannot make a covenant, yet if she undertakes to make one, it shall by estoppel have all the binding force of a covenant, without being a covenant. As she cannot covenant directly, she cannot do it indirectly. She cannot do by acts *in pais*, what she cannot do by deed. She cannot do wrongfully what she cannot do rightfully. Being incapable by law of making a binding contract, she cannot by her own act enlarge her legal capacity. Such is the law, as established by sound reason, as well as by the decisions of the courts. The following cases are direct authorities in point: *Wadleigh* v. *Glines*, 6 N. H. 18; *Carpenter* v. *Schemmerhorn*, 2 Barb. Ch. (N. Y.) 314; *Lowell* v. *Daniels*, 2 Gray, (Mass.) 168; *Wright et al.* v. *Shaw*, 5 Cush. (Mass.) 65–6; *Dominick* v. *Michael*, 4 Sandford Ct. (N. Y.) 424; 6 Wend. 14; 1 Zabriske, (N. J.) 541; *Jackson* v. *Vanderheyden*, 17 Johns. (N. Y.) 167.

*C. H. Davis*, for the defendant.

It is a familiar principle of law, that if the vendor deeding real estate, when he has no title, and subsequently acquires one, it enures to the benefit of the vendee. *Jarvis* v. *Aikens*, 25 Vt.

635 ; *Carbee* v. *Hopkins*, 41 Vt. 250 ; Roberts' Dig. p. 232, s. 71. By the law of the homestead, the interest in the same can be conveyed only by the joint deed of wife and husband. She is a legal party to the contract, as much as the husband ; therefore, the estoppel should be applied to her, as much as to him.

The opinion of the court was delivered by

Powers, J. Mrs. Fellows joined with her husband in the mortgage deed of April 20, 1870, and in the covenants of warranty contained in said deed. All the interest Mrs. Fellows then had in the granted premises was her inchoate right of homestead.

Since the execution of this mortgage deed Mrs. Fellows has acquired a title to the same premises paramount to the title conveyed by said mortgage, and the defendant Langmaid insists that she is estopped by her former covenant from claiming this latter title to his prejudice. Our statute (No. 17, Acts of 1865) declares that the joining of the wife in a mortgage deed, conveying the homestead, shall have no other effect than to bar her claim to such homestead against such mortgage.

Sec. 2, chap. 65, Gen. Sts., declares that the wife shall not be bound by the covenants in the joint deed of herself and husband of her real estate. What might be held in equity respecting an after-acquired title of the wife to her separate real estate which she has once conveyed for full consideration with a general covenant of warranty, is unnecessary now to consider.

The ordinary rule, that a party, conveying land with covenants of warranty, cannot set up an after-acquired title to the same land, is founded in the liability of such grantor to answer in damages for the breach of the covenants of his deed. Rawle on Covenants, 4th ed., 393. But a married woman is not liable in damages for the breach of her covenant ; because she never was bound by it ; and no right of action against her can be based upon it. If she sets up a newly acquired title, she does nothing legally inconsistent with her former obligations. Upon general principles, therefore, it is clear that the defence here attempted cannot prevail. The other questions in the case are unimportant.

The decree is affirmed, and cause remanded.