### VILLAGE OF WESTERN SPRINGS, ILL., v. COLLINS.

(Circuit Court of Appeals, Seventh Circuit. January 24, 1900.)

#### No. 638.

**1. DECLARATION—OYER OF DEED.**

Production by plaintiff of a deed mentioned in the declaration, on defendant craving oyer thereof, makes it part of the declaration.

**2. MARRIED WOMAN—LIABILITY ON COVENANT.**

Starr & C. Ann. St. Ill. (2d Ed.) p. 2122, § 6, declaring that "contracts may be made and liabilities incurred by a wife, and the same enforced against her * * * as if she were unmarried," does not make her liable on covenants in a deed of her husband's land, in which she joins to release dower or homestead rights.

**3. CONFLICT OF LAWS.**

Liability of a wife on covenants in deed of her husband's land, in which she joins to release dower or homestead rights, is governed by the laws of the state in which the land is situate and the deed is delivered, though the deed is acknowledged in another state.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This suit was brought by the village of Western Springs, Ill., the plaintiff in error, against Ruth S. Collins to recover upon a covenant, in her deed to the plaintiff in error of certain described premises, to pay and discharge at maturity a certain described trust deed or mortgage, with apt allegations in the declaration of failure on her part, and of payment of the incumbrance by the plaintiff in error, and making profert of the deed. Thereupon the defendant craved oyer of the supposed instrument in the declaration mentioned, and, it being produced by the plaintiff, it was read to her, and she thereupon demurred generally to the declaration. The deed produced purported to be dated the 29th day of April, 1892, and to be made by Charles C. Collins and Ruth S. Collins, his wife, who, as grantors, convey and warrant to the plaintiff in error the premises therein described, situated in the county of Cook and state of Illinois. The deed also contained this covenant: "Said deed subject to a certain trust deed or mortgage on said property, which said grantors, for themselves, their heirs, administrators, executors, and assigns, assume and agree to pay or have released from said property when the said trust deed or mortgage becomes due." The deed was acknowledged by Mr. Collins in the county of Cook, state of Illinois, on the day of its date, and by Mrs. Collins, in the county of Jefferson, state of Kentucky, on the 3d day of May, and is alleged in the declaration to have been delivered to the plaintiff in error in the county of Cook, state of Illinois. The demurrer was sustained by the court below, and the suit dismissed, to review which decision this writ of error is sued out.

W. P. Quinby, for plaintiff in error.

Hatch & Ritsher and Bennett H. Young, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

We take it that the production of the deed upon the prayer of the defendant made the instrument produced a part of the plaintiff's declaration, to the same extent as though it had been set out in hæc verba in, and made part of, the declaration. 1 Chit. Pl. 433. It therefore appears on the face of the declaration that the covenant sued on was that of a married woman, which at common law was inoperative because of her inability to contract. Jackson v. Vanderheyden, 17 Johns. 167. The statute of the state of Illinois with respect to the rights and liabilities of married women, which governs the case before us, was passed in the year 1874 (2 Starr & C. Ann. St. [2d Ed.] p. 2122, § 6), and is as follows: "Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried." Within the last 50 years many of the states of the Union have enacted laws removing, in large measure, the common-law disability of married women, and decisions in the different states upon the various statutes have not been at agreement. It would be unprofitable here to review the various decisions, for the supreme court of the state of Illinois has passed upon this statute, and its decision is controlling. In Snell v. Snell, 123 Ill. 403, 14 N. E. 684, the court held that where a married woman had, for the purpose of releasing her dower, joined with her husband in a deed of certain premises, which were therein wrongly described, a bill in equity would lie, as against her, to reform the deed, although it was conceded that the contract of conveyance was that of the husband, and that such a bill would not lie prior to the statute. The judge delivering the opinion of the court below indulges in strong and general language with respect to the supposed emancipation of married women by the statute quoted, in respect of her right to contract as though she were a feme sole. The actual point decided, however, was as stated. In the case of Sanford v. Kane, 133 Ill. 199, 24 N. E. 414, 8 L. R. A. 724, decided two years later, the court ruled that a married woman, joining with her husband in a deed for the purpose of releasing her dower or homestead rights, was not estopped by her covenants in the deed, and that a title subsequently acquired by her did not inure to the grantee in the deed of her husband and herself by virtue of the covenants of that deed; otherwise, however, as we understand the decision, if the property conveyed was her separate estate. It would seem, therefore, that the construction placed upon this statute by the supreme court of the state of Illinois is that a married woman may contract, and will be bound by her contract, with respect to her separate estate, but not so with respect to covenants in a deed conveying the estate of the husband, and in which she joins merely to effectuate a release of dower and homestead rights.

It was stated at the hearing by counsel for the defendant in error that it was conceded below that the estate here conveyed was that of

the husband. That concession is here but mildly, if at all, disputed. Since at common law this covenant would be wholly inoperative, the plaintiff, in order to establish by the declaration legal liability on the part of the defendant, must exhibit a case within the statute which under certain circumstances creates liability, and must show that the covenant was executed by the married woman under conditions which by the statute made the covenant binding upon her.

The question was suggested whether this instrument was to be governed by the law of the state of Illinois, or by the law of the state of Kentucky, so far as concerns the liability of the defendant in error, because of the acknowledgment of the deed by her in the latter state. It may be that the law of Kentucky governs with respect to the manner of the execution of the instrument, but of that we have heard no complaint; but as the deed was to be operative upon land in the state of Illinois, and the deed was delivered in that state, and the covenant was to operate with respect to incumbrances upon land in that state, it is clear that the law of the state of Illinois governs with respect to the interpretation and the validity of the covenant. Phipps v. Harding, 34 U. S. App. 148, 17 C. C. A. 203, 70 Fed. 768. The judgment is affirmed.