## ELISHA R. PYLE *vs.* MARGARET GROSS.

*Joinder of Married Woman in Covenant of General Warranty in Conveyance by Her Husband.*

A married woman, prior to the Act of 1898, ch. 457, united with her husband in a deed conveying land belonging to him for the purpose of releasing her inchoate right of dower. This deed contained a covenant of general warranty to the grantee and his assigns. In an action against her on the covenant by an assignee. *Held,*

1st. That the covenant not being a contract relating to her separate estate was invalid under *Code*, Art. 45, sec. 2.

2nd. That the wife's inchoate right of dower being a mere *chose in action,* she was a stranger to the title and her covenant does not run with the land.

Appeal from the Circuit Court for Harford County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Stevenson A. Williams* (with whom was *F. R. Williams* on the brief), for the appellant.

*Thos. H. Robinson* and *Wm. H. Harlan* for the appellee.

FOWLER, J., delivered the opinion of the Court:

John Gross owned a large tract of land in Harford County, and in October, 1872, together with his wife, Margaret Gross, conveyed it by way of mortgage as follows, namely, to secure the respective sums of $3,500 and $3,000 to Susan B. Hanway and Jas. K. Hamilton. These mortgages were duly assigned to D. Meredith Reese, trustee, and Robert M. Chatterton, who on default being made, filed their bill in the Circuit Court for said county and sold the mortgaged premises, with the exception of sixteen acres thereof, which had been conveyed in fee by Gross and his wife to one D. Preston Wysong, subsequent to the execution of said mortgages. By the deed just mentioned the property thereby conveyed was

warranted generally to Wysong, his heirs and assigns, by the joint covenant of the grantor and his wife, Margaret Gross, and by mesne conveyances became vested in the plaintiff, Elisha R. Pyle, on the 29th December, 1891. The mortgages not having been satisfied by the sale already mentioned, the sixteen acres so conveyed to the plaintiff were also sold, and he was compelled to purchase the same at the mortgage sale or submit to an ouster. The sale to the plaintiff, under the mortgage, having been duly ratified, after due notice and demand, he brought this suit against the defendant, Mrs. Gross, to recover damages for the violation of the joint covenant of general warranty of her husband and herself. The defendant demurred to the declaration, and the only question intended to be presented by the demurrer is whether she, being a married woman, was liable, prior to the Act of 1898, ch. 457, to the plaintiff (he being the assignee of the husband's grantee) on a covenant in a deed conveying her husband's land in which she joined for the purpose of releasing her inchoate right of dower. The learned Judge below sustained the demurrer and the plaintiff has appealed. The solution of the question thus presented depends, first, upon the construction of the Act of 1872, ch. 270, (*Code*, Art. 45, sec. 2), and secondly, upon the nature of the wife's interest in her husband's real estate, that is to say, whether her inchoate right of dower is such an interest or estate in such real estate as will support the covenant of general warranty so that the covenant will run with the land.

(1) It is, of course, settled law, that except in regard to the separate estate of a married woman, prior to the Act of 1898, ch. 457, (which has no application here), all her contracts, agreements and covenants were absolutely void, both at law and in equity. This being so, it is perfectly clear that the Act of 1872 has no application to this case, for the covenant sued on has no reference whatever to the separate estate of the defendant. She joined in the deed for the purpose, and for the sole purpose of releasing her inchoate right of dower. We held, however, in the case of *Klecka* v. *Ziegler*, 81 Md. 483, that an

agreement contained in a lease made by the wife and husband of her real estate, that the lessee should have the right to purchase the demised premises was valid under the Act of 1872, and could be specifically enforced against her.   We have no doubt of the validity of her covenants so far as they relate to her separate estate, but as we have said, the covenant here does not relate to her statutory separate estate, either real or personal.

(2) And this brings us to the consideration of the nature of the defendant's interest in her husband's real estate.

Whatever the rule may be elsewhere, we have held in this State, that a married woman's inchoate right of dower is *a mere chose in action;* therefore, it necessarily follows that she is a stranger to the title, and that her covenants will not run with the land.   Her deed passes no title.   It operates only by way of estoppel or release.   *Reiff* v. *Horst,* 53 Md. 47; *Harper* v. *Clayton,* 84 Md. 346.

*Judgment affirmed.*