ALBERT A. FRENCH *v.* ORIGIN F. SLACK ET UX.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 13, 1915.

*Husband and Wife—Disabilities of. Wife—Wife's Contracts— Her Covenant in Deed of Homestead—Action Thereon— Burden of Proof—Evidence—Witnesses—Competency— Pleading—Issues and Variance.*

At common law a married woman's covenant, or other contract, was void.

P. S. 3037 has so enlarged the capacity of a married woman to contract that she may now make contracts generally, except with her husband, and except such as relate to her property not held to her sole and separate use, and her responsibility on her contracts affecting such property remains as at common law, unaffected by the statute.

A married woman joining in a conveyance of her real estate that is not held to her sole and separate use is not liable on the covenants therein, and, where she joins with her husband in a conveyance of his real estate, the covenants therein, though joint in form, are not her covenants, but his only.

In an action on the covenant of a married woman the burden is on plaintiff to show that the transaction is one that the law makes binding on her.

In an action against a husband and wife on a covenant in their joint deed of real estate, evidence *held* to show that, to the knowledge of plaintiff when he took the deed, the wife had only a homestead interest in the estate thereby conveyed.

An objection to the admission of testimony goes to the evidence and not to the competency of the witness.

In an action for the breach of covenants in a warranty deed of real estate, where plaintiff's evidence tended to show that a third person, under contract with defendant, had the right to lay a pipe to his house from a spring on the premises conveyed to plaintiff and to have a part of the water of the spring, it was error to ex-

clude defendant's offered evidence that the third person was to have only the surplus water.

In actions for breach of covenants against incumbrances direct negative allegations are not sufficient, the particular incumbrances complained of must be substantially set forth.

In an action for the breach of covenants in a warranty deed of real estate, plaintiff, under the allegation that a third person had a right to one-half the water of a spring on the premises, might recover, though the third person's right was to less than one-half of the water, for it was the outstanding right, and not the extent of it, that breached the covenant.

COVENANT.  Plea, the general issue with notice of special matter in defence.  Trial by jury at the June Term, 1915, Orange County, *Slack,* J., presiding.  Verdict and judgment for the plaintiff.  The defendants excepted.  The opinion states the case.

*March M. Wilson* for the defendants.

*Stanley C. Wilson* for the plaintiff.

POWERS, J.  This is an action for the breach of certain covenants in a warranty deed from the defendants to the plaintiff.  The defendants severed in their pleas,— Origin F. pleading the general issue with notice, and Thirsa H. the general issue and two special pleas in bar.  No replications were filed.  Judgment below was for the plaintiff on a verdict in his behalf.

It appeared without dispute that the defendants were husband and wife, and that the deed in question covered their home farm, title to which was in Origin F.  In one of her special pleas, Thirsa H. alleged that she had no title or interest in the premises conveyed except a homestead interest, and that the sole reason and purpose of her signing the deed was to surrender her homestead right.  At the close of the plaintiff's evidence, and again at the close of all the evidence, she moved for a directed verdict on the ground that the allegations of this special plea had been established.  The motion was overruled and an exception allowed.

At common law, owing to her inability to make contracts and bind herself thereby, a married woman's covenant was in-

operative and void. *Sawyer* v. *Little,* 4 Vt. 414; *Goodenough* v. *Fellows,* 53 Vt. 102; *Wing* v. *Deans,* 214 Mass. 546, 102 N. E. 313. P. S. 3037 has greatly enlarged her capacity to make contracts, and as is shown by *Barrows* v. *Dugan's Est.,* 88 Vt. 441, 92 Atl. 927, upon a review of our holdings, a married woman in this State may now make contracts generally, except with her husband, and except such as relate to her property in which her husband has marital rights. When her contract affects such property—property not held to her sole and separate use— her responsibility is to be measured by the common law rather than by the statute. *Rowley* v. *Shepardson,* 83 Vt. 167, 74 Atl. 1002, 138 Am. St. Rep. 1078. It logically follows from these decisions that when a married woman joins in a conveyance of her estate not forming a part of her separate estate, she is not liable on the covenants contained in her deed. And, *a fortiori,* when she joins in a deed of the husband's real estate, the covenants though joint in form, are in law, not hers but his, only. *Agar* v. *Streeter,* (Mich.) 150 N. W. 160, L. R. A. 1915 D, 196; *Sanford* v. *Kane,* 133 Ill. 199, 24 N. E. 414, 8 L. R. A. 724, 23 Am. St. Rep. 602. In an action on her covenant, the burden is on the plaintiff to show that the transaction was one which the law makes binding upon her. *Agar* v. *Streeter, supra.*

It is urged, however, that the motion was properly overruled because the record does not show that Mrs. Slack had only a homestead interest in the property, nor that the plaintiff knew this fact when he took his deed. The claim thus made,—assuming that it covers matters of any importance in the case,—is wholly unfounded. It appears that the title was in the husband, and he must be taken to be the owner subject only to such rights as the wife may have had on account of its being their "home farm." This must have been apparent to the plaintiff. for the very deed which he accepted showed him that the property was conveyed to the husband many years ago.

The covenant of Mrs. Slack would be void at common law, and the plaintiff has no right of action against her on account thereof. *Webster Springs* v. *Collins,* 98 Fed. 933, 40 C. C. A. 33; *Pyle* v. *Gross,* 92 Md. 132, 48 Atl. 713; *Humbird* v. *Doran,* (Ida.) 135 Pac. 66.

One of the causes of action relied upon by the plaintiff concerned an outstanding water-right claimed by a Mr. Foss, who succeeded to the rights acquired by one Hackett. The plaintiff

improved Foss as a witness, and he testified that he heard Hackett and Origin F. make a trade whereby the former was to enter upon the land in question, and there dig a spring and lay pipe to convey the water to Origin's house; and in consideration thereof, Hackett was to have the right to extend the pipe to his own place and have a part of the water of the spring; that Hackett carried out this arrangement and took the water to his house, and that he and the witness, his grantee, had so taken the water continuously, notoriously and adversely for more than twenty years,—all of which was well known to Origin F. It appeared that Hackett died before the trial below. Origin F. was a witness for the defendants. When he was on the stand, his counsel offered to show by him, in effect, that Hackett began taking water from the spring under an arrangement whereby he was to have the surplus water, only; and when there was a shortage of water Mr. Slack could shut him off entirely. The evidence so offered was excluded and an exception allowed the defendants. It is to be noted that the objection was to the evidence and not to the witness, so no question of competency is presented. *St. Albans Granite Co.* v. *Elwell & Co.,* 88 Vt. 479, 92 Atl. 974.

The extent and character of the Foss right was one of the important questions in the case. It had an important and necessary bearing on the amount of damages recoverable on account of it. The court below fully appreciated this apparently, for it was clearly covered by the charge. The plaintiff's version of the arrangement between Hackett and Slack had been fully covered by Foss. To meet this and to explain just how far the outstanding right extended it was material and competent to give evidence tending to show that it was limited to the surplus water, and it was error to exclude the offered evidence.

The fact that Foss had a right of some kind to take water from the spring was admitted by the defendants. They insisted, however, that it was limited as above stated. The court instructed the jury that the plaintiff was entitled to recover at least nominal damages on account of this right. To this the defendants excepted. It is argued in support of this exception that inasmuch as the plaintiff in his declaration has set up the Foss right as one-half the water of the spring, he cannot recover on account of it if it turns out to be a right to a less amount of water. That proof of a more limited right would amount to a fatal variance. So far as need here be recited, one of the

breaches of the covenant against incumbrances is thus set forth in the amended declaration: ''and the plaintiff further says that long ·before the execution and delivery of said deed by the defendants to the plaintiff, the defendants sold to one J. Spencer Hackett certain other water rights and privileges in and to part of said premises, viz., a half interest in a certain other spring,'' etc.    This refers to the right now owned by Foss.

In actions for breach of covenants against incumbrances, direct negatives are not sufficient.    The particular incumbrance complained of must be set forth.    *Mills* v. *Catlin,* 22 Vt. 98. But it is sufficient if it is substantially set forth.    The important feature of the allegation under consideration is that covered by the statement that certain water rights had been sold to Hackett; whether that right was one-half the water or a less quantity was not important except on the question of damages.    If the pleader charged an outstanding right it was enough to support a recovery, though he misstated the extent of that right.    It was the outstanding right and not the extent of it that made the breach of the covenant.    This exception is not sustained.

*Judgment reversed and judgment for the defendant Thirsa to recover her costs.   As against the defendant Origin F., the cause is remanded for a reassessment of damages.*