## H. T. & C. CO. v. WHITEHOUSE, et ux.

No. 2746.   Decided Jan. 3, 1916.   Rehearing denied Jan. 15, 1916.
(154 Pac. 950.)

1. COVENANTS—WARRANTY BY STRANGER TO TITLE—EFFECT. A cove-
    nant of warranty by one having neither possession of, nor title
    to, the land conveyed does not run with the land, but is a per-
    sonal covenant, and does not pass to a subsequent grantee except
    by assignment.   (Page 329.)

2. HUSBAND AND WIFE—LIABILITY ON COVENANT—CONVEYANCE BY
    HUSBAND AND WIFE. Where a wife joins with her husband in
    a warranty deed to land of which she has no title or estate
    except the contingent interest created by Comp. Laws 1907,
    Section 2826, providing that a wife who survives her husband
    shall have one-third interest in fee simple of land possessed
    by the husband during the marriage to which she has not
    relinquished her rights, she is not liable to one other than
    her immediate grantee, since her covenant is personal, and
    does not run with the land; her grantee not having assigned
    his cause of action to plaintiff.   (329.)

Appeal from District Court, Third District; *Hon. F. C.
Loofbourow,* Judge.

Action by the H. T. & C. Company against J. W. White-
house and wife.

Judgment for plaintiff.   Defendants appeal.

AFFIRMED on condition, and REMANDED, with directions.

*Hancock & Barnes* for appellants.

*Joseph H. Hurd* for respondent.

### APPELLANTS' POINTS.

If a contract is to be rescinded by either party it must be
done in its entirety, and cannot be done in part.   In this case
the plaintiffs affirm the contract as to the 360 acres of land to
which the title they say is good, but rescind as to the balance.
(*Cole* v. *Smith,* 58 Pac. 1086, 26 Colo. 506; 11 Century Digest

[Contracts], Sec. 1194.) If recovery is to be had upon this warranty the basis of recovery should be the value of the part lost in reference to the value of entire tract. (*Haynes* v. *Packard,* 45 S. W. 562; *Phillips* v. *Pickert,* 79 Am. Dec. 463; *Hoffman* v. *Kirby,* 68 Pac. [Cal.] 321.) The judgment is contrary to law for the reason that the action was not commenced until more than four years after the contract was made. All the negotiations were merged in the deed which became final at that time. No fraud has been proved to warrant a recision of entire contract and no recision is asked. It is not claimed that no title passed but in fact it is alleged that title did pass. (*Slocum* v. *Bracy,* Am. State Reports 499; Note to *Clifton* v. *Fern Co.,* 16 Am. St. Reports 621; 3 Page Contracts 2101; 2 Sutherland Damages 606; *Carter* v. *Beck,* 40 Ala. 599.) Mrs. Whitehouse cannot be held on the implied warranty in the deed for the reason that she testified, and such testimony has not been denied, that she signed the deed merely as the wife of the defendant, and that she had no other interest in the land and that she did not know Mr. Hurd, Mr. Taylor or Mr. Cooke. As a matter of fact she signed the deed to bar her dower interests or rights. (*McGrath* v. *Coe,* [N. Y.] 11 L. R. A. 650; *Van Amberg* v. *Framer,* 16 Hun [N. Y.] 205.)


### RESPONDENTS' POINTS.

Elliott in his work on contracts, after stating that covenants of seizin and good right to convey are generally held personal covenants that do not run with the land, goes on to say: "But the authorities are uniform in holding that the covenants for warranty and quiet enjoyment run with the land." (Elliott on Contracts, Vol. 4, Sec. 3887.) "The benefit of a covenant for title until breach runs with the land. Upon breach, the covenant is changed into a mere personal right of action, to be enforced by the person entitled to the benfit of the covenant at the time of the breach, or, in case of his death, his personal representative, and which consequently does not pass with the land to his heir, or to his grantee, unless there is an express assignment of the right of action." (Tiffany on Real Property, Vol. 2, Sec. 401.)

To the same effect see Sutherland on Damages, Vol. 2, Sec. 603.

"As these covenants run with the land they are available to any person succeeding the covenantee by purchase or descent. It is not necessary that a conveyance be made with, warranty in order that the covenants pass; they will pass by release or quit-claim." (Sutherland on Damages, Vol. 2, Sec. 613; see also 9 Cyc. 376.) Section 1981, Compiled Laws of Utah, 1907, provides that the statutory form warranty deed, such as was given here by defendants to said Schulte, when properly executed, shall have the effect of a conveyance in fee simple and warranty to the grantee, his heirs and assigns. The authorities even go so far as to hold that a grantee may rely on covenants of warranty even though he knew the title was defective. (Elliott on Contracts, Vol. 4, Sec. 3886; *Taylor* v. *Allen* (Ga.), 62 S. E. 291; *Allen* v. *Taylor* (Ga.), 49 S. E. 799.) It is difficult to perceive upon what theory appellants proceed in their assumption that the plaintiff's cause of action was barred by the four-year statute of limitation, Section 2876, Compiled Laws of Utah, 1907. It is well settled that the statute of limitation begins to run against an action for breach of warranty only from the time of actual or constructive eviction. (*Flowers* v. *Foreman*, 23 Howard [U. S.] 133; *Northern Pacific R. Co.* v. *Montgomery*, 86 Fed. 251; *Cheney* v. *Straube*, 35 Neb. 521, 53 N. W. 479.)

## STATEMENT OF FACTS.

Plaintiff, a corporation, brought this action to recover damages from defendants for the alleged breach of warranty of title to 200 acres of land situated in Tooele County, Utah, which land was on February 7, 1906, conveyed under contract by the defendants to Theodore Schulte, trustee, for Joseph H. Hurd, J. B. Taylor, and Walter A. Cooke. From a judgment rendered in favor of the plaintiff, defendants prosecute this appeal.

The contract under which the land was conveyed, so far as material here, is as follows:

"This agreement made this 29th day of January, A. D. 1906, by and between Jeremiah W. Whitehouse, of Lincoln,

Tooele County, Utah, party of the first part, and Theodore G. Schulte, of Salt Lake City, Utah, party of the second part, witnesseth that the party of the first part agrees to sell and the party of the second part to purchase all of the following described real property, situate in Tooele County, Utah, namely [describing the land], for the sum of twenty-seven hundred fifty ($2,750.00) dollars, payable twelve hundred ($1,200.00) dollars cash at the date hereof, receipt of which is hereby acknowledged, and the balance of fifteen hundred fifty ($1,-550.00) dollars, payable twelve hundred ($1,200.00) dollars on or before August 1, 1906, and three hundred fifty ($350.00) dollars on or before October 1, 1906. The party of the second part also agrees to pay the balance due the state of Utah on the said southeast quarter and the east half of the southwest quarter of section 20, in township 3 south of range 3 west, Salt Lake meridian.

"It is hereby further mutually understood and agreed that the aforesaid premises shall be conveyed by warranty deed, and that the party of the first part and his wife will execute such warranty deed, and that the same shall be placed in escrow with some bank or other depositary to be agreed upon, to be delivered upon the payment of said sum of fifteen hundred fifty ($1,550.00) dollars, balance of the aforesaid purchase price thereof. * * *

"In witness whereof the said parties of the first and second part have hereunto set their hands the day and year first above written.

> "Jeremiah W. Whitehouse.
> "Theodore G. Schulte."

On September 17, 1906, Schulte, at the request of his beneficiaries, Hurd, Taylor, and Cooke, conveyed to plaintiff by warranty deed the above-mentioned 200 acres of land.

At the time the foregoing contract was entered into and the deeds referred to were executed the land was, and since October 31, 1904, had been, incumbered by a certain agreement in writing entered into between the defendants and one Catherine Le Vine and Elizabeth R. Pratt by which the defendants agreed to sell and convey to Le Vine and Pratt, and they agreed to purchase from defendants, for the sum of $2,000,

the 200 acres of land described in the deed herein mentioned from defendants to Schulte. Suit was brought against the Whitehouses in the district court of Tooele County for the specific performance of the last-mentioned contract. Schulte was made a party defendant. The plaintiff herein, grantee and assignee of Schulte, was later on substituted as defendant in lieu of and in the place and stead of Schulte. A trial was had, and from the judgment rendered in favor of the White-houses denying specific performance the cause was brought to this court on appeal. This court, after considering the questions presented by the appeal, remanded the cause, with directions to the trial court to set aside the judgment theretofore rendered and to enter judgment decreeing a specific performance of the last-mentioned contract. For a more detailed statement of the facts concerning the making of that contract, and of the suit brought thereon, we invite attention to the case of *Le Vine et al.* v. *Whitehouse et al.*, 37 Utah, 260, 109 Pac. 2, Ann. Cas. 1912C, 407.

The court in the case at bar found, and the record shows, that the district court, in pursuance of the remittitur and the directions of this court in the case above mentioned, rendered and entered judgment against the Whitehouses and the plaintiff herein for a specific performance of the agreement—
"adjudging that defendants and each of them and (particularly the plaintiff herein) should execute and deliver to said Le Vine and said Pratt a good and sufficient conveyance in fee conveying the fee-simple title to the tract of land (200 acres) described in said agreement, * * * and that thereupon, by virtue of said decree, and the proceedings taken therein, * * * plaintiff herein * * * was evicted and ousted from the possession" of the premises (the 200 acres of land), and ever since has been, and is now, dispossed of the same.

The court also found, and the evidence supports the findings:

"That at the time of entering into the said agreement of January 29, 1906, between the said Theodore G. Schulte and the defendant J. W. Whitehouse, the said 200 acres of land, from the possession of which the plaintiff herein was ousted as aforesaid by the said Catherine E. Le Vine and Elizabeth

R. Pratt by virtue of the aforesaid judgment and decree of this court, was valued and it was agreed that the same should be taken at and for the sum or price of $10 per acre, or a total of $2,000 for the said 200 acres, and that the same was at said time and ever since has been, and still is, of said value, * * * which was paid by the said Theodore G. Schulte and his beneficiaries hereinbefore referred to.

"That no part of the purchase price paid by the said Schulte and his said beneficiaries to the defendants herein has been repaid to them or either of them or to the plaintiff herein, and no part of the damage arising by reason of the defendants' breaches of said contract and of the warranty and covenants in said warranty deed conveying the said 200 acres of land, excepting that the plaintiff received from the said Catherine E. Le Vine and Elizabeth R. Pratt the sum of $517.23, and which was paid on the 16th day of July, 1910, * * * and excepting the further sum of $100 paid on the 17th day of February, 1911, and $400 paid on the 5th day of June, 1913, and for which the defendants are entitled to credit upon the amount of said damages suffered by the plaintiff by reason of said breaches of the terms and covenants of said deed and agreement, and that, after crediting all of said sums, there is due to the plaintiff from the defendants, and the plaintiff is entitled to recover from the defendants as damages and for principal and interest, costs, and attorney's fees suffered, paid out, and expended, the sum of $1,720.83.''

McCARTY, J. (after stating the facts as above).

There are numerous assignments of error. The only assignment, however, we deem of sufficient importance to consider is the one in which the findings of fact, conclusions of law, and the judgment are assailed, wherein it is held that Ettie Whitehouse is liable under the covenant of warranty contained in the deed from the Whitehouses to Theodore Schulte executed February 7, 1906.

Plaintiff's evidence shows that Mrs. Whitehouse was not a party to the transactions leading up to and which culminated in the making of the contract under which the deed was executed, and that she was not known "at all in the trans-

action'' prior to the execution of the deed. The evi-   **1, 2**
dence, without conflict, shows that she signed the deed
merely as the wife of Jeremiah Whitehouse, and that she had
no title to, or estate in, the land conveyed, except the con-
tingent interest created by Comp. Laws 1907, Section 2826,
which, so far as material here, provides:

''One-third in value of all the legal or equitable estates in
real property possessed by the husband at any time during the
marriage, and to which the wife had made no relinquishment
of her rights, shall be set apart as her property in fee simple
if she survive him.''

The rule, as declared by the great weight of authority, seems
to be that a covenant of warranty by one having neither pos-
session of, nor title to, the land conveyed does not run with
the land, and that the right to recover on the covenant belongs
only to the grantee to whom it is made. In other words, a
warranty by one who is a stranger to the title, and not in pos-
session of the land conveyed, is a personal covenant and does
not pass to a subsequent grantee, except by assignment. In
this case there was no assignment from Schulte to the plain-
tiff.

In Jones on Real Property, Section 942, the author says:

"A covenant will not run with the land unless there is either mutu-
ality or succession of interest. Privity of contract is sufficient be-
tween the immediate parties, but there must be privity of estate to
carry the benefit of the covenant to subsequent owners of the prop-
erty to which the covenant relates." 11 Cyc. 1100; *Mygatt* v. *Coe*,
124 N. Y. 212, 26 N. E. 611, 11 L. R. A. 646; *Mygatt* v. *Coe*, 142 N. Y.
78, 36 N. E. 870, 24 L. R. A. 850; *Pyle* v. *Gross*, 92 Md. 132, 48 Atl.
713; *Bull* v. *Beiseker*, 16 N. D. 290, 113 N. W. 870, 14 L. R. A. (N. S.)
514.

We also invite attention to an instructive note in 14 L. R.
A. (N. S.) 514, to the last case cited in which the annotator
cites and reviews numerous decisions wherein the doctrine
herein announced is upheld.

We are of the opinion, and so hold, that plaintiff, under the
admitted facts, is not entitled to recover against Ettie White-
house on her covenant of warranty to Schulte. The cause is
therefore remanded, with directions to the trial court that, in
case the plaintiff shall, within fifteen days after notice of the

remittitur, file with the clerk of the court its consent in writing to a modification of the findings of fact, conclusions of law, and judgment to conform with the views herein expressed, the judgment will stand affirmed as to Jeremiah Whitehouse, each party to pay his own costs on this appeal. Should plaintiff fail to file with the clerk of the trial court his consent in writing to a modification of the findings of fact, conclusions of law, and judgment within fifteen days after receiving notice of the remittitur, the trial court is directed to grant a new trial; appellants to recover their taxable costs on this appeal.

STRAUP, C. J., and FRICK, J., concur.