JONATHAN M. INGRAM *v.* AARON NEDD AND LUCRETIA NEDD, HIS WIFE.

### *Contract. Husband and Wife. Married Woman.*

Where the husband, one of the defendants, as the agent of the wife, the other defendant, contracted with the plaintiff for the labor of his minor son for the defendants, for a specified time, it was *held* in an action against the defendants to recover the wages of the minor, that a judgment rendered against the husband and wife was erroneous.

The wife could not authorize her husband to make a contract that would bind her to any greater extent than she could bind herself.

At law she cannot bind herself by a contract on which a judgment can be rendered against her person. So far as the husband undertakes to bind the wife without authority, he binds himself. At law the contract is his and not hers; and in this suit he alone is liable, and the plaintiff is entitled to judgment against him.

She could bind her separate property to the fulfilment of her contracts, but as no judgment at law could be rendered against her upon the contract, her separate property could be reached only by the aid of a court of equity, which could reach the property itself without a judgment or decree against her person.

GENERAL ASSUMPSIT. The case was referred and the referee reported as follows :

The first item of the plaintiff's specification is for labor of his minor son, Charles Ingram, on the farm occupied by the defendants, in Whitingham. In relation to this item, the following facts were proved :

About the 1st of February, 1869, Aaron Nedd made a contract with the plaintiff, by which it was agreed that said Charles, then about fifteen years old, should work for the defendants one year, —Nedd agreeing among other things to pay the plaintiff for such services ten dollars per month for eight months of the time, commencing when said Nedd should commence his sugaring, which was about the 1st of March, and during the remaining portions of the year said Charles was to work for his board. About the 9th of February Charles commenced work for defendants, and continued to work for them until some time in the month of August following, when, without their consent, he went home, not intending to return, and claiming that he was ill-treated by said Aaron. After he had been at home about a week, the plaintiff took him back to defendants, and insisted that he should remain and work his time out. He remained there until the 26th of September, when he again, and without the consent of the defendants, went home, and did not go back again, on account of alleged ill-treatment by said Aaron.

While said Charles was at work for defendants, said Aaron occasionally required him to work on Sundays, when not necessary, and was in the habit of swearing at him, and of using a great deal of profane language in his presence. In all other respects there was no cause for complaint on the part of said Charles, or the plaintiff.

In all matters of business relating to the farm occupied by defendants, said Aaron acted as agent for his wife, who owned all the personal property on the farm at that time, and in whose name all the business of the farm was done.

If the court is of opinion, upon the above statement of facts, that the plaintiff is entitled to recover under said contract, then the referee finds for the plaintiff to recover the sum of sixty-six dollars and thirty-three cents, from which is to be deducted sixteen dollars and sixty-six cents for clothing, &c., furnished said Charles while at work, leaving due the plaintiff on that item of his specification, September 26, 1869, $49.67, with interest.

The court, April term, 1871, BARRETT, J., presiding, rendered judgment for the plaintiff to recover of the defendants the sum of $59.72. Exceptions by the defendants.

*Chas. N. & G. W. Davenport,* for the defendants.

*Clark & Haskins,* for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.    By the common law a married woman could not make a contract that would bind her so that a judgment upon it could be rendered against her person.    The judgments in actions upon contracts at law are against the person, and not against any specific property, although some particular property may be liable to be taken in satisfaction of some judgments, and not of others, against the same person.    In such actions the contract of a married woman was void.    She could bind her separate property to the fulfilment of her contracts, but as no judgment at law could be rendered against her upon the contract, her separate property could be reached only by the aid of a court of equity, which could reach the property itself without a judgment or decree against her person.    Our statutes have not varied these methods of procedure, nor the rules of law that govern them, except in a few specific cases very particularly pointed out in the statutes.    This case has no relation in these respects to any of those specific cases. The rights of married women to their property have been somewhat enlarged, and the property ·made more distinctly her own, against the claims of her husband and of his creditors, but their legal capacity to make contracts, and their liabilities upon their contracts, in legal proceedings, have not been meddled with, except in the specific cases mentioned.    Although the real estate of the wife and the products of it are protected against liability for the husband's debts generally, by an act passed in 1861, incorporated into the proviso to § 18 p. 471 of the General Statutes, the products of her lands are made subject to be taken upon any liability of his for necessaries for her and family, or for labor or materials for the cultivation or improvement of her estate.    This provision only makes property, that she might otherwise hold, liable to go in satisfaction of judgment upon such liabilities against him, but does not in any way enlarge her liability to judgment against her.    It indicates an intention to make the property liable, and not to make her so.    The judgment of the county court in this case was against both the husband and wife in person, upon the contract he had undertaken to make for her, and this judgment was erroneous.

The wife could not authorize her husband to make a contract that would bind her to any greater extent than she could bind herself. To the extent that she was not bound, he had not any authority. So far as he undertook to bind her without authority, he bound himself. At law the contract was his and not hers, and in this suit at law upon it he and not she is liable. No question is made but that the plaintiff, upon the facts, is entitled to recover in some form, for the services of the son, and upon these principles in this action he is entitled to judgment here against the husband defendant.

Judgment reversed, and judgment on report for plaintiff against Aaron Nedd, and judgment for Lucretia Nedd for her costs.