WOODWARD & PERKINS v. MERRITT BARNES & WIFE.

*Torts of Married Woman.*

Husband and wife are not jointly liable for those torts of the wife which are founded on her contracts.

CASE. The declaration was as follows:

" For that whereas, before, &c., at &c., the said Merritt had given the said plaintiffs notice and charged them not to sell and deliver goods and chattels to his wife, the said Mary, upon the credit of him the said Merritt, yet the said Mary, well knowing the premises, thereafterwards, on &c., at &c., by falsely and fraudulently representing and pretending to the said plaintiffs that she, the said Mary, and her children, were destitute, and were not provided with necessaries of life suitable to her and their station, and that the said Merritt had neglected and refused to provide her or her children with the necessaries of life, suitable to their station, or to provide her with money or other means wherewith to procure the same, and that by means thereof, she was at the said several times when, &c., in need of the goods and articles hereinafter referred to, for use and consumption by herself and her children in the family of the said Merritt, the said Mary in-

duced the plaintiffs to sell and deliver to her, the said Mary, at the said several times when, &c., the goods and articles mentioned in the schedule hereto attached, and made a part hereof, at the prices therein named, upon the credit of the said Merritt; and the plaintiffs say, that relying on the said false and fraudulent representation and pretension of the said Mary, made as aforesaid, and believing the same to be true, and not knowing to the contrary, they did sell and deliver the said Mary the said several articles aforesaid, at the said several times aforesaid, at and for the said several prices aforesaid, respectively, upon the credit of him, the said Merritt, and charged the same upon their books to the said Merritt; and the said Mary, well knowing the premises, received and carried away said articles at said several times; and the said plaintiffs in truth say, that at said several times when the said Mary made said false and fraudulent representations and pretensions as aforesaid, and at the said several times when the plaintiffs sold and delivered said several articles to her as aforesaid, the said Mary and her children were not destitute, and were provided with the necessaries of life, suitable to their station, and that the said Merritt at all times had furnished her the said Mary and her children with the necessaries of life, agreeably to her and their station, or the means or money wherewith to procure the same, and at the said several times aforesaid, neither the said Mary nor her children, were in need of the said articles, nor any of those sold as aforesaid, for consumption for her and her children, in the family of him the said Merritt, or elsewhere. All of which the said Mary then and there at the said several times aforesaid well knew. And the plaintiffs have never been paid for the said articles sold as aforesaid, nor any part thereof; and the said Merritt and Mary, though often requested, have each hitherto ever refused, and still do refuse, to pay for said articles, or return the same to the said plaintiffs, whereby, &c.

The defendants demurred to the declaration, for that the fraud of the said Mary alleged therein, was directly connected with, and a part and parcel of, the alleged contract of the said Mary, and was the alleged means of effecting said contract; and because the alleged contract of the said Mary was the basis of all the alleged transactions between the said parties upon, and growing out of which, the said fraud of said Mary was alleged to have been committed; and because the alleged contract of the said Mary was the basis and foundation of the said action of the said plaintiffs.

The court, at the September term, 1872, Franklin county, ROYCE, J., presiding, sustained the demurrer, *pro forma,* and adjudged the declaration insufficient, and rendered judgment for the defendants to recover their costs ; to which the plaintiffs excepted.

*H. R. Start,* for the plaintiffs.

The only question raised by the demurrer is, that the declaration shows a contract made by the defendant Mary, and that the tort for which the plaintiffs claim to recover was connected with the contract, and was the means of perfecting the contract. The only question to be determined is, whether the declaration shows a tort, or fraud, for which the defendants, as husband and wife, are liable. 12 C. B. N. s. 257 ; 2 Kent Com. 149 ; Story Cont. § 109 ; 24 U. S. Dig. 327 ; 1 Chit. Pl. 92 ; 2 Hilliard Torts, 504, 505 ; *Keen* v. *Coleman,* 39 Penn. 299. It appears from the declaration that the defendant Merritt had notified the plaintiffs not to sell or deliver goods to his wife or children upon his credit. After this prohibition, the plaintiffs were not at liberty to sell and deliver goods to the defendant Mary upon the credit of the defendant Merritt, unless the defendant Merritt had so neglected his wife and family as to make her his agent *ex necessitate. Woodward & Perkins* v. *Barnes,* 43 Vt. 330. If the representations of the said Mary had been true, the defendant Merritt would have been held liable for the goods so furnished to her, and the plaintiffs would have recovered in said action against the said Merritt for goods sold and delivered. The declaration shows that the representations of the said Mary were false, and that the plaintiffs have wholly lost their goods by means of such representations.

*H. S. Royce,* for the defendants.

This action is predicated upon an alleged false representation of the wife in a contract for goods upon the credit of the husband. The substantive basis of the fraud is the contract. " It is directly connected with the contract and the means of effecting it," and therefore the action cannot be sustained. *Liverpool Loan Association* v. *Fairhurst,* 26 Eng. L. & Eq. 393 ; *Cooper* v. *Witban,* 1

Lev. 247 ; *Keenan* v. *Hartman,* 48 Penn. St. 497 ; *Barnes* v. *Harris,* Busbee, (N. C.) 15 ; Story, Cont. 99, 109 ; *West* v. *Moore,* 14 Vt. 449 ; *Morrill* v. *Aden,* 19 Vt. 505 ; Parsons Cont. 345 ; *Walker* v. *Wakefield,* 1 Camp. 120 ; *Keller* v. *Phillips,* 39 N. Y. 351 ; *Woodward & Perkins* v. *Barnes,* 43 Vt. 330 ; 2 Hilliard Torts, 512, § 11.

The opinion of the court was delivered by

ROYCE, J. This action is brought to compel payment for certain goods sold and delivered to the defendant Merritt Barnes' wife. It is admitted in the declaration that the husband, before the sale and delivery of the goods, had given the plaintiffs notice not to sell and deliver goods to his wife ; and that he had, at all times, furnished her and her children with the necessaries of life, agreeably to her and their station, or the means or money wherewith to procure the same.

It was held in the suit between the plaintiffs and the husband, 43 Vt. 330, that, to entitle the plaintiff to recover for goods sold and delivered to the wife and children of the husband after they had been forbidden by the husband from selling and delivering goods to them on his credit, they must show that the articles were suitable to the husband's circumstances in life, and were needed for the then present use of his family for their reasonable clothing, sustenance, and comfort, according to his rank and condition in life, and that the husband had so far neglected his duty in this respect, as to make it necessary for some one else to supply his family with such necessaries. The plaintiffs now seek to avoid the effect of that rule, by proof that the goods were procured upon the false and fraudulent representations of the wife, that they were so needed. We do not think this can be done. The rules of evidence affecting the liability of the husband, are the same as they would be in an action *ex contractu.* The principle applies that has always been applied in actions against infants. In those cases it has been held that a plaintiff could not convert an action founded on a contract, into a tort, so as to charge an infant. *Jennings* v. *Randall,* 8 T. R 335 ; *West* v. *Moore,* 14 Vt. 447 ; *Merrill* v. *Aden,* 19 Vt. 505. Hence, the cause of ac-

tion stated in the declaration does not entitle the plaintiffs to a judgment.

There is another ground why we think the action cannot be sustained. The general principle, that for the torts or frauds of the wife, an action may be sustained against her and her husband, applies only to torts *simpliciter*, or cases of pure, simple tort, and not where the substantive basis of the tort is the contract of the wife. It was so held in *Liverpool Adelphi Loan Association* v. *Fairhurst et ux.* 9 Exch. 420, and in *Keenan* v. *Hartman*, 48 Penn. 497. The substantive basis of the tort complained of here is, that by the false and fraudulent representations of the wife, they were induced to sell and deliver the goods to her. But for the sale and delivery of the goods, the plaintiffs would have had no legal cause of complaint. So that the plaintiffs' right of recovery is made to depend upon the question, whether any such sale and delivery was made, and this clearly brings the case within the rule above stated.

Judgment affirmed.