### WALTER RUSSELL *v.* MARY PHELPS.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed November 29, 1901.

*Exceptions—Claim rendered immaterial by the verdict of the jury—*
When a fact is found by the verdict of the jury, under proper instructions with reference thereto, a claim based on the alleged nonexistence of such fact becomes immaterial.

*Contracts—Passing of title and right of possession under a contract of even exchange—*Delivery in accordance with a contract of even ex-

change by one party thereto, or delivery accepted as such under
the contract are of equal force;  and either effects an exchange of
title and right of possession.

*Contracts—Principles governing a contract of exchange*—A contract of
exchange is governed by the same principles of law as govern a
contract of sale.

*Construction of statutes—V. S. 2644—Suits by and against a married
woman, authorized by V. S. 2644*—By virtue of V. S. 2644, a mar-
ried woman may sue and be sued, in an appropriate action, as to
any contract, with another than her husband, made by her in rela-
tion to her separate property.  It is immaterial whether the appro-
priate action is in form *ex contractu* or *ex delicto.*

*Construction of statutes—V. S. 2644—Action of trover against a married
woman founded on a contract of exchange*—By virtue of V. S. 2644,
a married woman may contract, with another than her husband,
to exchange her separate property for other property, and if, after
delivery to her so that title mutually passes, she refuses on demand
to make delivery in return, she is liable in trover.

*Construction of statutes—V. S. 2644—Husband not a proper party to a
suit by or against his wife, brought by virtue of V. S. 2644*—To a
suit by or against a married woman, brought by virtue of V. S.
2644, her husband is not a proper party by force of any marital
rights.

*Construction of statutes—V. S. 2644—Liability for a married woman's
tort founded on contract, not touched by V. S. 2648*—Under V. S.
2648, a husband remains liable for the common law torts of his
wife, committed by his authority or direction;  but she, and not he,
is liable for her torts founded on contract, though committed by
his authority or direction, since at common law she was incapable
of making a valid contract, and therefore of committing a tort
founded on contract.  Liability of a husband not dependent upon
the marital relation is not here considered.

Trover for the conversion of a sleigh.   Plea, the general
issue.   Trial by jury, Caledonia County, December _Term,
1900, *Taft,* C. J., presiding.   Verdict and judgment for the
plaintiff.   The defendant excepted.

The defendant was the wife of one Foster B. Phelps, and
during the period in question, lived with him on a place which
was owned by her, and which he occupied in her right.   Act-

ing as the agent of his wife, he traded with the plaintiff to exchange the sleigh in question for two harrows.

The testimony of the plaintiff tended to show that he delivered harrows in accordance with the contract, putting them where he was directed to put them by the defendant, and that he afterwards, and before this suit was brought demanded the sleigh, and that the defendant refused to deliver it.

There was some testimony tending to show that whether or not the harrows delivered were in accordance with the contract they were accepted by the defendant under the contract.

The testimony of the defendant tended to show that the harrows traded for were to be with poles, that the harrows delivered were without poles, and that for that reason she declined to take them, and that she refused to deliver the sleigh because the plaintiff did not complete the trade on his part by delivering harrows with poles.

It appeared from all the testimony that the demand for the sleigh was made upon the defendant in the presence of her husband and that she refused to deliver it in obedience to his directions.

The questions decided were raised by exceptions to the overruling of a motion to have a verdict directed for the defendant, and to the denial of requests to charge.

The court, among other things, charged the jury, in substance, that if the harrows furnished were not such as had been traded for, no title to the sleigh passed to the plaintiff, unless the defendant, with knowledge of what the harrows were, accepted them under the contract; but that if the harrows delivered were in accordance with the contract, or were accepted by the defendant under the contract, then the plaintiff became entitled to the possession of the sleigh and could recover. No exception was taken to the charge as given.

*Porter & Thompson* for the plaintiff.

*Frank Plumley, Harland B. Howe* and *Edward H. Deavitt* for the defendant.

WATSON, J.   The defendant contends that the contract was executory, and that the property in the sleigh had not passed to the plaintiff at the time of the alleged conversion; but in the way the case was submitted to the jury, the verdict settled the fact that the harrows delivered by the plaintiff to the defendant were according to the contract, or, if not so, that they were delivered to the defendant and accepted by her under the contract.   It matters not which way it was, for if either, it was a performance of the contract on the part of the plaintiff, and the right of property in the sleigh with the right of possession vested immediately in him.   The motion for a verdict being based, secondly, upon the ground that the property in the sleigh had not thus passed, was therefore properly overruled.

V. S. 2644 provides: "A married woman may make contracts with any person other than her husband, and bind herself and her separate property, in the same manner as if she were unmarried, and may sue and be sued as to all such contracts made by her either before or during her coverture, without her husband being joined in the action as plaintiff or defendant."

Under this section, a married woman may not only make contracts, except with her husband, relating to her separate property in the same manner as if she were unmarried, but she may also in like manner sue and be sued as to all such contracts made, and to such suits her husband, by virtue of any marital right, is not a proper party: *Wright* v. *Burroughs,* 61 Vt. 390. Nor is this right to sue and to be sued limited to any particular court or form of action.   Resort may be had to any court having jurisdiction of the subject matter, and to any form or forms of action necessary or appropriate for the enforcement of the rights involved.   An action at law may be in form *ex contractu*

or *ex delicto,* as the nature of the injury suffered, or the remedy
sought, may require.  ·This is so, because under that section
of the statute a married woman is given the enlarged contract-
ual powers with the correlative liabilities.   Any other con-
struction would do violence to the language of the statute
wherein it provides that in the making of such contracts she
shall bind herself and her separate property in the same manner
as if she were unmarried.   Many times an action either of con-
tract or of tort may be had for a breach of contract, and the
election therebetween is with the plaintiff; but if an action of
tort cannot be had against a married woman in such circum-
stances, she and her separate property are not bound by her
contracts in the same manner as if she were unmarried.   The
manifest intent of the legislature was to give her the same con-
tractual powers and make her subject to the same liabilities
regarding her separate property, including the liability for
torts committed in its management, control, and disposition,
as if she were sole, and the law must be construed accordingly.
Similar statutory provisions have been given like constructions
in the states of New York and Massachusetts: *Baum* v. *Mul-
len,* 47 N. Y. 577; *Shane* v. *Lyons, 172* Mass. 199.

The sleigh in question was the separate property of the de-
fendant, and through her husband acting as her agent, she con-
tracted with the plaintiff to exchange it for some harrows.  The
contract was fully performed on the part of the plaintiff by the
delivery of the harrows to the defendant and an acceptance
thereof by her; but later, when the plaintiff demanded the
sleigh, the defendant refused to deliver it to him.   It is for
this refusal to deliver the sleigh under the contract that the
plaintiff seeks to recover damages in an action of trover.

A contract of exchange of property is governed by the
same rules of law as a contract of sale: Chitty, Con. 397.   In
cases of sale, the buyer to whom the right of property has

passed, if not in default, may maintain trover for damages for the conversion on the vendor's refusal to deliver, as well as an action on the contract: Benj. on Sales, (4th Ed.) 1144. The conversion was committed by the defendant in the disposition of her separate property, and she is liable therefor.

It is contended however that inasmuch as the conversion was committed by the defendant in the presence of her husband and by his direction, the husband, but not the defendant, is liable at common law; and that by V. S. 2648, which provides, among other things, that a married man shall not be liable for the torts of his wife unless committed by his authority or direction, the responsibility for her torts thus committed is still governed by the common law.

The unsoundness of this proposition lies in a misunderstanding of the common law. The purpose of section 2648 was to relieve the husband, except as therein specified, of existing liabilities by force of the marital relations: *Story* v. *Downey,* 62 Vt. 243. But at common law he was responsible for only such torts of his wife as did not have a substantive basis in her contract,—her torts *simpliciter*.

The contract of a married woman was void, and it could no more be enforced in an action of tort than in an action of contract. No liability therefore rested upon the husband alone, or with the wife, for her torts founded on such contract: *Woodward and Perkins* v. *Barnes,* 46 Vt. 332. That the husband has such responsibility by force of his marital relations other than at common law, no contention is made. To such torts, section 2648 has no reference; for it could not have been the purpose of the legislature to relieve the husband of liabilities that did not exist.

Therefore the motion for a verdict on the ground first named, was properly overruled, and in disregarding the requests to charge there was no error.

*Judgment affirmed.*