OCTAVE B. BRUNNELL ET UX v. EUGENE W. CARR ET UX.

October Term, 1903.

Present:  ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed January 7, 1904.

*Husband and Wife—Joint Deed—Deceit—Liability—Interest
—Date of Computation.*

It not appearing that the land conveyed by the joint deed of husband
and wife was hers, she is not liable for deceit which consists of
a false statement contained in the deed as to the amount of in-
cumbrance on the land conveyed.

In such case the husband is liable for his tort, and should pay the
grantees the amount the latter had to pay by reason thereof, with
interest from the commencement of the suit, it not appearing
when such payment was made.

CASE FOR DECEIT in the sale of land.  Plea, the general
issue.  Trial by court in the city court of the city of Mont-
pelier, *Laird,* Acting Judge.  Judgment for the defendants to
recover their costs.  The plaintiffs excepted.

The deed from the defendants to the plaintiffs was a war-
ranty deed in the usual form, and warranted the premises free
from incumbrance "except a mortgage in favor of L. C.
Parker of Calais in the County of Washington, on which there
is now due six hundred and forty dollars, which said mort-
gage the said Brunnells hereby assume to pay as part consid-
eration of this deed."

The court found, from oral evidence received without
objection, that the six hundred dollars named in the deed as
the amount of the mortgage, was the full purchase price of
the land; that the amount of said mortgage, at the time said
deed was executed by the defendants, was in fact eight hun-

dred dollars; that the plaintiffs have paid the mortgagee eight hundred dollars with the interest thereon since the deed was made.

The court held, as matter of law, that by the terms of said deed the plaintiffs assumed and agreed to pay the mortgage which said Parker held upon the real estate, and rendered judgment for the defendants to recover their costs.

*H. C. Shurtleff* for the plaintiff.

*Sargent* for the defendant.

ROWELL, C. J.   This is case for deceit in the sale of land conveyed to the plaintiffs by the joint deed of the defendants. The deceit consisted in a statement in the deed that the premises were free from incumbrance, except a certain mortgage whereon was then due $640, which the grantees assumed and agreed to pay as a part of the price, whereas there was more then due thereon, to the knowledge of the defendants, which the plaintiffs had to pay.

It not appearing that the land was Mrs. Carr's, the case does not come within the Married Women's Act, but must stand upon the common law, and at the common law a married woman is not liable for torts based upon her contracts, but only for her torts *simpliciter.*   *Woodward* v. *Barnes,* 46 Vt. 332; *Russell* v. *Phelps,* 73 Vt. 390, 50 Atl. 1101.

But Mr. Carr is liable for his tort in the matter, and should pay to the plaintiffs $167.70, the amount they had to pay by reason thereof, with interest thereon by way of damages from the commencement of the suit, the record not showing when the payment was made.

*Judgment affirmed as to Mrs. Carr, but reversed as to Mr. Carr, and judgment against him for said last-mentioned*

*sum, with interest thereon as aforesaid, and costs. Certified execution granted.*