EDSON E. ROWLEY ET UX. *v.* GEORGE W. SHEPARDSON ET UX.

November Term, 1909, at Brattleboro.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Husband and Wife—Fraudulent Representation by Husband in Sale of Wife's Real Estate—Liability of Wife—Arrest of Judgment—Misjoinder of Counts—Striking out Count after Verdict.*

Where a husband and wife sold and conveyed her farm that was not her separate estate, her responsibility for false representations made to induce the purchase must be measured by the common law, and not by P. S. 3037, giving married women power to bind themselves and their separate property as if they were unmarried.

Where a husband and wife jointly conveyed her farm, not her separate property, in fulfilment of a sale thereof made by him with her full authority, and she knew of his fraudulent representations made to induce the purchase, and appropriated the whole or part of the consideration, thereby ratifying the sale as made, she is not liable at common law for the deceit, it being based on her contract, and not a tort *simpliciter;* and hence, in an action by the purchaser

against the husband and wife for such deceit, evidence of the husband's misrepresentations as to the number of maple trees on a certain part of the farm was inadmissible as against the wife, but admissible as against the husband.

In that action, such evidence was not admissible-against the wife under counts in assumpsit for breach of warranty since at common law a married woman is unable, personally or by agent, to make a contract that will so bind her that a judgment thereon can be rendered against her person.

The trial court may allow misjoinder of counts to be remedied before verdict by striking out designated allegations; but where there is such misjoinder, and evidence tending to support the inconsistent count or counts, a general verdict for plaintiff with entire damages cannot be amended by confining its application to only certain counts of the declaration.

Where there was a misjoinder of counts in deceit and in assumpsit for breach of warranty, and one of the latter was stricken out on motion, and thereafter the trial proceeded on the theory that there was then no count in assumpsit, and the jury were not informed that the count in assumpsit which still remained could not be made the basis of recovery, except that the court submitted the case solely upon the ground of deceit, and a general verdict with entire damages was rendered for plaintiffs, the defect of misjoinder could not be cured by striking out the remaining count in assumpsit after verdict, and pending a motion in arrest for misjoinder, where plaintiffs had introduced evidence tending to support the count in assumpsit, but the motion in arrest should have been granted, unless plaintiffs were awarded and accepted a *venire de novo* on terms imposed.

CASE for deceit in the sale of a farm. Plea, the general issue. Trial by jury at the April Term, 1909, Windham County, *Butler*, J., presiding. Verdict for plaintiffs, and judgment thereon. The defendants excepted. The opinion states the case.

*Cudworth & Pierce, H. G. Barber* and *F. E. Barber* for the defendants.

The assessment of damages on these three counts, as shown by the verdict, a copy of which is annexed to the bill of exceptions, was entire; and a misjoinder of counts apparent upon the

record with damages assessed entire is good cause for arresting the judgment on motion after verdict or for reversing the judgment by writ of error. *Haskell* v. *Bowen,* 44 Vt. 579; *Joy* v. *Hill,* 36 Vt. 333; *Vail* v. *Spring,* 10 Vt. 457; *Chaffee* v. *Rutland R. R. Co.,* 71 Vt. 384; *Caldbeck* v. *Simanton,* 82 Vt. 69.

*Chase & Daley* for the plaintiffs.

Because of Mrs. Shepardson's knowledge of the false representations made by her husband to induce the purchase, and her acceptance of the whole or part of the consideration, she ratified the sale as made, and is responsible for her husband's fraud. *Town of Ansonia* v. *Cooper et al.,* 64 Conn. 536; *Fay* v. *Richmond,* 43 Vt. 25; *Kingsley* v. *Fitts & Avery,* 51 Vt. 414.

All amendments are in the discretion of the court and are allowed or refused as the court may deem most conducive to the furtherance of justice. *Chaffee* v. *Rutland Ry. Co.,* 71 Vt. 384; *Lewis & Co.* v. *Locke,* 41 Vt. 11; *Bowman* v. *Stowell et al.,* 21 Vt. 309. A misjoinder of counts in a declaration is a formal defect, and may be cured by amendment. 31 Cyc. 458; *Clark* v. *Holbrook,* 146 Mass. 366.

The last count was then striken out and the trial proceeded, on both sides, on the theory that all counts on breach of warranty had been stricken out, and the court submitted the case to the jury solely upon the ground of deceit, as alleged in the first two counts. Therefore, the jury must have only considered that question in arriving at their verdict, and it was not error for the court to allow the amendment after verdict, but rested wholly in the sound discretion of the court. *Bates et ux.* v. *Cilley,* 47 Vt. 1; *Kimball* v. *Ladd,* 42 Vt. 747; *Pollard* v. *Barrows & Capron,* 77 Vt. 1.

WATSON, J. This action is to recover damages for deceit and false warranty in the sale of a farm. The declaration originally contained four counts: The first and second in case for deceit, and the third and fourth in assumpsit for false warranty. The title to the farm in question stood in the name of Eva C. Shepardson, the defendant wife. The deed of conveyance, executed by both defendants, warranty in form, contained a reservation as follows: "Ever reserving all the standing timber

on said premises both hard and soft wood suitable to cut into
logs with conditions and provisions that the sugar maple trees
west of the highway leading through the farm, only five hundred
are to be included in this reservation with further reservation
of the right to enter and remove the timber so reserved at any
time within ten years from date hereof which timber may be
taken down to the size of six inches on the stump at the time of
cutting the same.'' The evidence on the part of the plaintiffs
tended to show that they wanted to purchase a farm on which
was a sugar orchard containing a thousand maple trees, and that
in the negotiations for the purchase of this farm the defendant
George W. Shepardson, in the absence of his wife, Eva C., rep-
resented to the plaintiffs that there were standing on the west
side of the road leading through the farm sixteen or seventeen
hundred sugar maple trees, and that after the five hundred trees
referred to in the deed had been cut and removed, there would
be eleven or twelve hundred sugar maple trees remaining on the
lot; that he would guarantee that there were sixteen or seven-
teen hundred there; that the plaintiffs relied upon these repre-
sentations; and that in fact there would be only two hundred
twenty-seven to two hundred thirty-five such trees left on the
lot after the removal of those reserved in the deed. In ad-
mitting this evidence the court ruled in effect that as the prop-
erty stood in the name of Mrs. Shepardson and was conveyed
by the joint deed of herself and her husband, ''and the considera-
tion ran to her and to him so far as he had a marital interest, or
marital right,'' she adopted the representations made by him
culminating in the deed. The exception to this ruling was well
taken. It fairly appears from the record that the farm in ques-
tion was not the wife's separate property, and therefore her
responsibility is to be measured, not by the statute enlarging the
powers of married women (P. S. 3037), but by the common law.
There was evidence tending to show that Mrs. Shepardson had
given her husband full authority to transact this business in
her behalf; and beyond this assuming the evidence to be as
strong as the plaintiffs claim: that she with knowledge of the
misrepresentations made by her husband in negotiating the sale
accepted and appropriated the whole or a part of the considera-
tion money and thereby ratified the sale as made, yet she is not
liable at common law for the tort, it being based upon her con-

tract, and not a tort *simpliciter*. *Woodward* v. *Barnes,* 46 Vt.
332, 14 Am. Rep. 626; *Russell* v. *Phelps,* 73 Vt. 390, 50 Atl.
1101; *Brunnell* v. *Carr,* 76 Vt. 174, 56 Atl. 660. Nor as to Mrs.
Shepardson for the same reason was the evidence describing the
trees standing on the west side of the highway admissible. But
as against her husband this evidence had a bearing certainly on
the question of damages and was properly received. Nor were
these two pieces of evidence any more admissible against the
wife, if considered with reference to the counts for false war-
ranty. For at common law a married woman cannot personally
nor by her agent make a contract which will bind her so that
a judgment upon it can be rendered against her person. *Davis*
v. *Estate of Burnham,* 27 Vt. 562; *Ingram* v. *Nedd,* 44 Vt. 462.

During the trial and before the plaintiffs had rested in
putting in their opening evidence, plaintiffs' counsel gave notice
to counsel for defendants and to the court, that they claimed to
recover only on the ground of deceit and did not claim to recover
for breach of warranty, and asked permission to strike out the
fourth count, which was granted.

Thereafter the trial proceeded on both sides, so far as was
made known to the court, on the theory that there was no other
count in the declaration for breach of warranty. The jury were
not informed that the third count still remaining in the declara-
tion could not be made the basis of recovery, except that the
court submitted the case solely upon the ground of deceit, as
alleged in the first two counts. A general verdict was rendered
for the plaintiffs. After verdict and before judgment the de-
fendants moved in arrest of judgment and for judgment for
defendants notwithstanding the verdict, on the ground of mis-
joinder. Whereupon the plaintiffs, on motion, were permitted
to strike out the third count, to which defendants excepted.
The motion in arrest was then overruled *pro forma,* judgment
rendered on the verdict, and a certified execution granted, to
each of which an exception was saved. It is not contended here
that judgment should have been rendered for the defendants
*non obstante veredicto,* so the motion will be considered only
with respect to arresting the judgment.

No question is made but that the third count is technically
good in itself, and that so long as it remained a part of the
declaration there was a misjoinder of counts. The position of

the plaintiffs is however that this defect was obviated by striking out the third count by leave of court pending the motion in arrest. There would seem to be no doubt regarding the right of the court to allow such a defect to be so remedied at any time before verdict; but can it be done after verdict and pending a motion in arrest of judgment based upon that ground? The record before us shows that the plaintiffs introduced evidence tending to support the third count as well as the counts for deceit. And the law is that when a general verdict is returned and a motion in arrest filed on the ground of misjoinder, if no evidence has been given on one of the inconsistent counts, or on one set of inconsistent counts, the verdict may be amended, confining it to the counts on which evidence was given, by leave of the court before which the cause was tried, and the objection of the misjoinder thereby removed. But when there was evidence which applied to the inconsistent count or counts a general verdict with entire damages cannot be amended by limiting it to part only of the counts, for it is impossible for the court to say from the record alone as it must on which of the counts the damages were assessed, or whether they were apportioned upon the separate counts. *Eddowes* v. *Hopkins,* 1 Doug. 376; *Harris* v. *Davis,* 1 Chit. Rep. 625, 18 E. C. L. 341; *Peabody* v. *Kinsley,* 40 N. H. 416. See also *Haskell* v. *Bowen,* 44 Vt. 579. In *Richmond* v. *Whittlesey,* 2 Allen, 230, all the counts were properly joined, except the fourth, "and the jury were correctly and distinctly instructed by the court that the plaintiff was not entitled to recover on" that count. The court said it must be assumed that under this explicit instruction no damages were given for the alleged slander set out in the fourth count; and that therefore the verdict was a general verdict in damages on the three counts properly joined, "and in support of which there was evidence laid before the jury." Consequently the motion in arrest did not prevail. As before seen in the case before us the jury were not instructed that no recovery could be had on the third count; and the fact that the case was submitted to them solely on the ground of deceit as alleged in the first two counts is not enough. The verdict being general, there is nothing in the record from which it can be said that the damages were not in part at least assessed on the third count. In *Sellick* v. *Hall,* 47 Conn. 260, the first count was for breach of contract, and the

second for a tort. The verdict was for the plaintiff upon the second count only. A motion in arrest of judgment was made on the gound of misjoinder of counts. It was held that the verdict upon the second count only was virtually a verdict for the defendant on the first count. The court said it appeared that the first count was not relied upon by the plaintiff on the trial although not formally withdrawn; but that this perhaps would not be sufficient of itself, and clearly would not if the jury had rendered a general verdict. The motion was not granted, the court resting its opinion wholly on the fact that the first count did not in any manner subtend the judgment. In *Joy* v. *Hill,* 36 Vt. 333, the first, second, and fourth counts were in case for false warranty in the sale of a horse. The third count was in assumpsit, counting upon an express warranty. A general verdict was rendered for the plaintiffs. The case was tried on the general issue, but the bill of exceptions did not say on what form of plea. The exceptions stated that "the whole case went upon the ground of an express warranty and the breach of it, and not upon the ground of a deceit," which was construed by this Court to mean that the evidence offered went only to show that an express warranty, *proprio vigore,* was the sole ground of action and recovery. Yet the motion in arrest on the ground of misjoinder of counts was granted.

The verdict in the case at bar was rendered when the third count was part of the declaration, and it was allowed to stand without any amendment confining it to the first two counts. There being evidence which applied to all three counts, thus rendering it impossible to say on which count or counts the damages were assessed, the judgment sought to be arrested is based upon all counts and it could not be made to stand upon two of them by striking out the third. The motion in arrest should have been granted, unless under the practice which now generally obtains in this State the plaintiffs were awarded and accepted a *venire de novo* on terms imposed. *Posnett* v. *Marble,* 62 Vt. 481, 20 Atl. 813, 11 L. R. A. 162, 22 Am. St. Rep. 126; *Baker* v. *Sherman,* 73 Vt. 26, 50 Atl. 633; *Dean* v. *Cass,* 73 Vt. 314, 50 Atl. 1085.

*Judgment reversed and new trial ordered on terms that plaintiffs pay defendants' costs up to the time of filing a new*

*declaration, and take none during that time if they finally re-i cover, except for service of the writ and entry of the action. If a new trial is not accepted on these terms, let judgment on the verdict be arrested with costs to the defendants in this Court and in the court below.*